**Robert Leslie PERRY and Adelia Perry, his wife, Plaintiffs,**

v.

**W. S. DARLEY & CO., a corporation, Defendant.**

**No. 71–C–60.**

United States District Court, E. D. Wisconsin.

Dec. 23, 1971.

Foley, Capwell, Foley & Seehawer by Rex Capwell and David J. Nolden, Racine, Wis., for plaintiffs.

Kivett & Kasdorf by K. E. Kilmer, Milwaukee, Wis., for defendant.

DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiff Robert Perry, a volunteer fireman, seeks damages for injuries allegedly sustained when he was struck by a fire truck as he attempted to activate a pump manufactured and installed on the truck by the defendant. The defendant has moved for an order compelling disclosure of the names of certain experts who examined the truck and pump shortly after the accident; the refusal to disclose the names occurred during the oral deposition of Ward Johnson, an employee of the workmen's compensation carrier for the fire department for which Mr. Perry works.

Counsel for the plaintiffs objected to disclosure of the experts' names on the basis that such information "constitutes both privileged communication and work product." However, the defendant argues in its brief that the experts are potential witnesses who "have knowledge of relevant facts" and that it is entitled, pursuant to Rule 26(b) (1), to the "identity and location of persons having knowledge of any discoverable matter."

The plaintiffs state that

"It should be noted that the [defendant's] question did not seek the disclosure of the identity of experts which plaintiffs expect to call as witnesses upon the trial, which disclosure is explicitly required by the July 1, 1970, amendment to the Federal Rules. Federal Rule 26(b) (4) (A). However, significantly, no similar requirement is made for the disclosure of identity of experts not retained or specially employed for purposes of testifying at trial. See Rule 26(b) (4) (B)."

Some courts recently have refused to adopt the position taken in earlier cases in which discovery of facts known by an expert was allowed but discovery of the expert's opinions and conclusions was refused. In United States v. Meyer, 398 F.2d 66, 73 (9th Cir. 1968), the court stated:

"No fact-opinion distinction is found in the discovery rules; Rule 26(b) extends discovery broadly to 'any matter, not privileged, which is relevant to the subject matter involved in the pending action.' In 1946 the Supreme Court rejected a proposal to amend the rules to restrict discovery of writings reflecting the conclusions of experts. The nearly contemporaneous use of the word 'fact' in certain passages in the opinion in Hickman v. Taylor, 329 U.S. [495] at 507–508, 67 S.Ct. 385, 91 L.Ed. 451, cannot be taken as an implicit adoption of the rejected limitation."

See also 8 Wright & Miller, Federal Practice and Procedure: Civil § 2029, at 247 (1970).

In addition, the Advisory Committee note to Rule 26(b) (4) states, in part:

"It should be noted that the subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness." 48 F.R.D. 487, 503 (1970).

The plaintiffs concede, as stated above, that they have a duty to disclose the identity of any expert whom they expect to call as a witness at the trial. As to experts who have been engaged "in anticipation of litigation or preparation for trial," however, the plaintiffs point to the provisions of Rule 26(b) (4) (B) to the effect that, when such experts are "not expected to be called as . . . [witnesses] . . . at trial," facts known or opinions held by them are discoverable

". . . only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is im-

practicable for the party seeking discovery to obtain facts or opinions on the same subject by other means."

No means are provided by Rule 26(b) by which it may be determined that an expert is a person whom a party expects to call as a witness at trial. However, Rule 26(e) provides, in part:

"A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:

\* \* \* \* \* \*

"(1) A party is under a duty seasonably to supplement his response with respect to any question directly addressed to . . . (B) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony."

Furthermore, the final pretrial order regularly used by this court requires each party to provide the "names and addresses of each side's prospective expert witnesses, together with a narrative statement of each such expert's background and experience."

Rule 26(b) (4) (B) makes no distinction between the identity of an expert and facts known or opinions held by him, although it is stated in 8 Wright & Miller, Federal Practice and Procedure: Civil § 2032, at 255 (1970), that, "Apparently one party can find out the names of experts specially retained by another party who are not to be called." However, in an affidavit attached to the defendant's motion, the attorney for the defendant · states that, because the experts viewed the fire truck well before the commencement of the present action, "this in and of itself is sufficient cause to require the plaintiff to turn over not only the names of the expert or experts but the reports of said expert or experts."

In my opinion, no showing of "exceptional circumstances" has been made by the defendant in the case at bar, nor is there any evidence to indicate that the experts were actors or viewers "with respect to [the] transactions or occurrences that are part of the subject matter of the lawsuit." Rule 26(b) (4) imposes a more rigorous standard upon the discovery of facts known and opinions held by an expert than is imposed with regard to other witnesses; I am not persuaded that such standard should be relaxed in the present case with regard to the identity of the experts who viewed the fire truck shortly after the accident.

Therefore, it is ordered that the defendant's motion for an order compelling answers to certain questions propounded to Ward Johnson be and hereby is denied.