**SEA COLONY, INC., a corporation of the State of Delaware, Plaintiff,**

v.

**The CONTINENTAL INSURANCE COMPANY, a corporation of the State of New York, and Excelsior Insurance Company of New York, a corporation of the State of New York, Defendants.**

**Civ. A. No. 4762.**

United States District Court,
D. Delaware,
Wilmington Division.

May 29, 1974.

Michael J. Rich, Tunnell & Raysor, Georgetown, Del., for plaintiff; Michael Evan Jaffe, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D. C., of counsel.

William Prickett, Prickett, Ward, Burt & Sanders, Wilmington, Del., for defendants.

OPINION

LAYTON, District Judge.

Defendants have filed a motion for discovery. Interrogatory #7, asked for the names of all experts retained by plaintiff who were not intended to be called at trial. Plaintiff refused to answer upon the ground that the answer tended to reveal the work product of an

attorney and that no showing of exceptional circumstances was made.

Plaintiff will be required to answer the interrogatory in question.[1] Because the result here reached is at variance with at least one other reported authority, it was thought desirable that the reasons be stated.

Rule 26(b)(4)(B)[2] applies to experts retained but not expected to be called at trial.

Superficially read, Rule 26(b)(4)(B) may seem to require a showing of exceptional circumstances even where the only discovery sought is the names of expert witnesses retained by opposing counsel but not intended to be called to testify, and at least one case has so held. Perry v. W. S. Darley & Co., 54 F.R.D. 278 (E.D.Wis.1971).

■ However, in my view, a closer examination of the language of the Rule suggests the exact opposite. The Rule starts with this language: "A party may discover *facts known or opinions held* by an expert. . . ." (Emphasis supplied.) It ends with the following statement: " . . . for the party seeking discovery *to obtain facts or opinions.* . . ." (Emphasis supplied.) What the Rule is talking about, then, is opinions[3] of experts, not their identity. This view is further fortified by the reference to Rule 35 which requires a showing of good cause before an opposite party can obtain the contents of a medical report.

■ Nor do I believe, generally speaking, that the revelation of the identity of an expert witness, as opposed to his thinking, is necessarily a part of the work product of a lawyer.[4] When it is, or where some other valid reason may exist why this seemingly innocuous information should not be revealed, then, as Professor Wright suggests,[5] a protective order may be sought.

■ To summarize, although there is room for argument, I believe that where only the identity of an expert witness not intended to be used at trial is sought, exceptional circumstances need not be shown. This type of information is usually the first step in discovering the existence of reports of experts consulted.[6] Should counsel thereafter attempt to ascertain the contents of such reports, a full-dress showing of exceptional circumstances would be a condition precedent to discovery.

---

1. By interrogatory #5, defendants seek certain information about witnesses interviewed. This information is discoverable. Butler v. United States, 226 F.Supp. 341 (D.C.Mo.1964), 4 Moore's Federal Practice, § 26.58.

2. "A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation . . . and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means."

3. See, 28 U.S.C.A. Rule 26, Notes of Advisory Committee on Rules at page 160.

4. As the Advisory Committee Notes indicate, the (b)(4) provision "reject[s] as ill-considered the decisions which have sought to bring expert information within the work-product doctrine. . . . The provisions adopt a form of the more recently developed doctrine of 'unfairness'." 28 U.S.C.A. Rule 26, Notes at page 161.

5. Wright and Miller Federal Practice & Procedure, Sec. 2032, note 81.

6. Interrogatory 8 goes to the existence of documentary evidence and plaintiff will likewise be required to supply full and responsive answers to it.