Jon Cordell **BAKI**, Plaintiff,

v.

**B. F. DIAMOND CONSTRUCTION COMPANY, Defendant.**

**Civ. A. No. M–75–1467.**

United States District Court,
D. Maryland.

April 19, 1976.

---

Kieron F. Quinn, John A. Wolf, and Ober, Grimes & Shriver, Baltimore, Md., for plaintiff.

David R. Owen, Donald L. DeVries, Jr., and Semmes, Bowen & Semmes, Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

Plaintiff, in this Jones Act (46 U.S.C. § 688) case, has requested this court to compel defendant to answer Interrogatories numbered 6, 15, and 27.

Interrogatory No. 6 is as follows:

"State the name and addresses of each person who investigated the cause and circumstances of the occurrence, or Plaintiff's injuries or damages."

The defendant, in answer to Interrogatory No. 6, listed the names and addresses of a number of persons and then, in addition, stated as follows:

"In addition, several physicians and a nurse investigated the extent of the Plaintiff's injuries. Since this Defendant has made no determination to utilize any of these individuals as experts at trial,

their identities are privileged under Rule 26 of the Federal Rules of Civil Procedure."

Interrogatory No. 15 states as follows: "State whether any physician, medical professional, or any medical facility has examined Plaintiff or reviewed medical records and, if so, identify each such person or facility and the date of each such examination and state the name and address of the present custodian of any reports or records therefrom."

Interrogatory No. 27 states as follows: "Identify by name, address, title, employer and field of expertise each expert who has been consulted, retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, and state:

"(a) The date on which each was first consulted, retained or specially employed;

"(b) The date of any report or opinion, in any form, submitted or transmitted by each such person."

The defendant refused to answer Interrogatories 15 and 27, relying upon *Perry v. W. S. Darley & Co.*, 54 F.R.D. 278 (E.D.Wis. 1971).

The extent to which the identities and addresses of experts who are not expected to testify as witness may be discovered, as distinguished from the facts known and opinions held by such experts, has been the subject of controversy. The holding of Judge Myron Gordon in *Perry v. W. S. Darley & Co., supra,* is that the identities of experts, who are not expected to be called as witnesses, are not discoverable except upon satisfaction of the standards of Rule 26(b)(4)(B). While Rule 26(b)(4)(B) in terms applies to the discovery of facts known and opinions held by experts not to be called as witnesses, Judge Gordon reasoned that since a more rigorous standard is applied to discovering relevant information known to experts under Rule 26(b)(4)(B) than is applied to discovering such information from ordinary witnesses, a more rigorous standard should also be applied to discovering the identity and location of such experts than is applied to discovering the identity and location of ordinary witnesses.

On the other hand, the court in *Sea Colony, Inc. v. Continental Insurance Company,* 63 F.R.D. 113 (D.Del.1974), reached the opposite conclusion.

Rule 26(b)(1) provides, in part, as follows: "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including . . . *the identity and location of persons having knowledge of any discoverable matter.* (Emphasis supplied).

Rule 26(b)(4)(A)(i) provides, in part, as follows:

"A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify . . ."

Rule 26(b)(4)(B) provides, in part:

"A party may discover *facts known or opinions held* by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and *who is not expected to be called as a witness at trial,* only as provided in Rule 35(b) or upon a showing of exceptional circumstances . . . ." (Emphasis supplied).

A reading of these three portions of Rule 26, F.R.Civ.P., provides the answer to the question before the court. Rule 26(b)(1) requires that the identity and location of persons having knowledge of any discoverable matter be supplied. This provision of Rule 26(b)(1) is not by its terms limited to the identity and location of non-experts but, on the contrary, expressly allows such information to be obtained as to any "persons having knowledge" of discoverable matter. Such a broad umbrella encompasses the cat-

egory of experts, who have been retained or specially employed in anticipation of litigation or preparation for trial and who are not expected to be called as witnesses at trial, since they may have knowledge of matter discoverable or potentially discoverable under the provisions and requirements of Rule 26(b)(4)(B).

■ The word "identify" as used in Rule 26(b)(4)(A)(i), is not meant to duplicate the authority for requiring the production of the names and locations of persons having knowledge of discoverable matter which are required to be furnished under the provisions of Rule 26(b)(1). Rather, the word "identify," as used in Rule 26(b)(4)(A)(i), is meant to require that a person to whom that section of the Rule applies be designated as a person who is expected to be called as an expert witness at trial even though he may previously have been named and his location given as a person having knowledge of discoverable matter under the requirements of Rule 26(b)(1). The word "identify," therefore, as used in Rule 26(b)(4)(A)(i), is used in the sense of designating which persons, of many whose names and addresses may have been given in answer to other interrogatories, are expected to testify in the trial. Significantly, this section of Rule 26, dealing as it does with expert witnesses who will testify, is the only one which requires that persons who are expected to testify be designated as such anticipated witnesses.

In contrast, Rule 26(b)(4)(B) does not contain the word "identify" in relation to an expert who is not expected to be called as a witness at trial. The reason that the word "identify" is not used in this section is that the authority for obtaining the name and address of such a person is found in another section, Rule 26(b)(1), there being no need to designate someone who is not expected to be called as a witness at trial.

■ This court, in accordance with the foregoing interpretation of Rule 26, concludes that the names and addresses, and other identifying information, of experts, who have been retained or specially employed in anticipation of litigation or prepa-

ration for trial and who are not expected to be called as witnesses at trial, may be obtained through properly framed interrogatories without any special showing of exceptional circumstances in the absence of some indication that such information by reason of facts peculiar to the case at issue, is irrelevant, privileged, or for some other reason should not be disclosed. *See* 8 Wright and Miller, *Federal Practice and Procedure*, § 2032, p. 255; 4 Moore, *Federal Practice*, ¶ 26.57[1]; *Sea Colony, Inc. v. Continental Insurance Company, supra.*

■ Such routine access to the names, addresses, and other identifying information of experts "retained or specially employed" by another party, whether or not such experts are expected to testify at the trial, does not mean that the names or other identifying information of experts, consulted informally but not retained or employed, are discoverable. If they were merely consulted informally, but not retained or employed, in the absence of most unusual circumstances, they would not have any information or knowledge concerning a specific case at hand which would be discoverable. Such information as they would have would be that which generally could be possessed by any expert in their respective field. To allow discovery of the identity of such persons merely consulted informally would be to interfere unduly with and hamper pretrial preparation and investigation. 4 Moore, ¶ 26.66[4]; 8 Wright and Miller, § 2029; *Notes of the Advisory Committee on the 1970 Amendments to the Federal Rules of Civil Procedure*, 48 F.R.D. 504.

In accordance with the views expressed herein, the court will compel the defendant to answer Interrogatories 6, 15, and 27 insofar as they request the names, addresses, and other identifying information of experts who have been retained or specially employed by the defendant or its counsel in anticipation of litigation or preparation for trial and who are not expected to be called as witnesses at trial or as to whom no decision has been made as to whether or not they will be called as witnesses at trial. It is so ORDERED.

All of the judges of this court are in agreement with this opinion and have authorized the inclusion of this paragraph herein.