## ARCO PIPELINE COMPANY

### v.

**S/S TRADE STAR, her engines, boilers, tackle, etc. and any and all persons having any interest therein, in rem, et al.**

### Civ. A. No. 77–2363.

United States District Court,
E. D. Pennsylvania.

Dec. 14, 1978.

James W. Johnson, Philadelphia, Pa., for plaintiff.

Andrew C. Hecker, Jr., LaBrum & Doak, Philadelphia, Pa., for Taylor.

Alfred J. Kuffler, Rawle & Henderson, Philadelphia, Pa., for S/S Trade Star & Trade Oil Co.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Taylor and Anderson Towing and Lighterage Company ("Taylor") has moved pursuant to Federal Rule of Civil Procedure (Fed.R.Civ.P.) 37(a) for an order compelling

Trade Oil Company, S.A., to answer Taylor's interrogatories 9(a), 9(b) and 11(e), filed July 13, 1978. Interrogatory 9(a) reads as follows: "State whether you have consulted with any person who is not expected to testify at the trial of this case, relating to or in any way concerning the collision between the S/S Trade Star and the Arco Pipeline pier on May 22, 1977, and/or the events leading up to that collision." 9(b) proceeds to request the names of all persons listed in response to 9(a), along with the area of expertise of persons consulted, the nature of the inquiry, and the substance of any report prepared. Although 9(a) is quite broadly worded, the questions that follow in 9(b), as well as the arguments submitted by Taylor in its memorandum in support of its motion to compel, show that the real dispute in this case is whether the desired discovery may be had as to experts who were consulted but who are not expected to testify at trial. We shall limit our discussion accordingly.

■ Fed.R.Civ.P. 26(b)(1) permits a party to discover "the identity and location of persons having knowledge of any discoverable matter." Experts, whether or not they will be called to testify at trial, are not exempted from that subdivision. *Baki v. B. F. Diamond Construction Co.,* 71 F.R.D. 179 (D.Md.1976); *Sea Colony, Inc. v. Continental Insurance Co.,* 63 F.R.D. 113 (D.Del. 1974); 4 Moore's Federal Practice ¶ 26.57[1] (2d ed. 1976). Although there is authority to the contrary that would require a showing of exceptional circumstances in order to discover the identity of experts not expected to be called as witnesses, *see, e. g., Perry v. W. S. Darley & Co.,* 54 F.R.D. 278 (E.D. Wis.1971), we believe that Judge Miller's analysis of Rule 26 in *Baki, supra,* is the sounder view.

*Baki* is not authority, however, for granting Taylor's motion *in toto. Baki* specifically limits permissible discovery to the identity of experts "retained or specially employed" by a party. *Baki, supra* at 182. *See also* Notes of the Advisory Committee on the 1970 Amendments to the Federal Rules of Civil Procedure, 48 F.R.D. 487 at 504. Identifying information concerning experts informally consulted, but not retained or specially employed, is not discoverable. Moreover, in order to obtain discovery concerning the "facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial," the party seeking discovery must show exceptional circumstances. Fed.R.Civ.P. 26(b)(4)(B). *See also Sea Colony, Inc. v. Continental Insurance Co., supra.* Taylor acknowledges this requirement, and, in order to satisfy this provision, it states that Trade Oil has failed to identify with specificity any alleged negligence on Taylor's part. We note, however, that this contention is refuted by Trade Oil's answers to various interrogatories regarding Taylor's alleged fault. We therefore believe that Taylor has not satisfactorily shown exceptional circumstances in this case. Trade Oil will therefore be compelled to answer Taylor's interrogatories by providing only the names and addresses of experts retained or specially employed but who are not expected to be called as witnesses.

■ Interrogatory 11(e), also a subject of the motion to compel, requested information regarding any statement that the stern watch aboard the S/S Trade Star at the time of the docking at the Arco Pier may have given to Trade Oil. Trade Oil answered as follows:

No written or oral statement. Counsel for Trade Oil Company, S.A., however, did interview this witness and counsel prepared his own notes of the interview, together with counsel's impressions of the witness and theories of defense. This material is subject to work product privilege.

Taylor, not surprisingly, eschews interest in areas traditionally protected by the work product doctrine: "Taylor & Anderson is not interested in counsel's impressions of any witness or in counsel's theories of defense. Taylor & Anderson is interested, however, in the facts which the stern watch has in regard to the pending litigation." Taylor & Anderson's Memorandum of Law

418

in Support of Motion to Compel Answers to Interrogatories at 3. However, in view of the fact that no written or oral statement per se was ever given by the stern watch, Interrogatory 11 was not finely tailored to elicit that information. Trade Oil argues that Interrogatory 11 has been substantially answered, and that "a properly worded interrogatory could elicit the substance of the facts known to the witness, without requiring the drastic action of the Court to invade attorney work product." Memorandum of Trade Oil Co., S.A. in Opposition to Taylor & Anderson's Motion to Compel Answers to Interrogatories at 7. Because the whereabouts of the stern watch are now unknown, we believe that Taylor is entitled to discover what he observed. As currently phrased, however, its interrogatories risk encroaching on work product that need not be disclosed. We will therefore deny the motion to compel further answers to Interrogatory 11 as written, but Taylor may resubmit appropriately drafted interrogatories to elicit the information it desires.