In re **FOLDING CARTON ANTITRUST LITIGATION.**

**This Document Relates to: all Actions.**

**MDL No. 250.**

United States District Court, N. D. Illinois, E. D.

May 11, 1979.

Perry Goldberg, Specks & Goldberg, Chicago, Ill., James B. Sloan, Chicago, Ill., for plaintiffs.

John J. McHugh, Chadwell, Kayser, Ruggles, McGee & Hastings, David List, James

A. Hardgrove, Sidley & Austin, Donald G. Kempf, Jr., Kirkland & Ellis, Roger Harris, Altheimer & Gray, Chicago, Ill., for defendants.

## PRETRIAL ORDER NO. 48 MEMORANDUM AND ORDER

ROBSON and WILL, Senior District Judges.

This cause is before the court on the motion of class plaintiffs to compel answers by defendant Brown Co. to plaintiffs' second wave interrogatories and the motion of defendant Brown Co. to compel class plaintiffs to answer Brown Co.'s interrogatory seeking identification of and information about litigation and settlement consultants. For the reasons hereinafter stated, class plaintiffs' motion is granted, and defendant Brown Co.'s motion is granted in part and denied in part.

### I. Substance of Communications

Class plaintiffs' interrogatories 1–8 seek information relevant to plaintiffs' fraudulent concealment and conspiracy claims and defendant Brown Co.'s statute of limitations defense. Brown has answered the interrogatories subject to its objection to revealing the substance of communications. Brown objects to answering these interrogatories to the extent that they seek the substance of specific communications concerning competitor price communications which Brown contends folding carton purchasers knew or should have known of prior to February of 1976 [*] (interr. 1 and 2), competitor price communications which directors of Brown were aware of prior to February of 1976 (interr. 3 and 4), competitor price communications of Brown Co. employees with nondefendant folding carton manufacturers (interr. 5 and 6), and communications between Brown Co. employees and folding carton purchaser employees prior to February of 1976 wherein the Brown employees informed the folding carton pur-

[*] The government's indictment of folding carton manufacturers was issued on February 18, 1976.

chasers of the existence of competitor price communications (interr. 7 and 8).

■ Brown contends that plaintiffs' motion is moot because its answer to the interrogatories state that none of the communications about which information is sought have occurred. Plaintiffs admit that their motion is moot as it relates to interrogatories 3–6. Nonetheless, plaintiffs contend and we agree that the motion is not moot as to interrogatories 1, 2, 7, and 8, because Brown reserved the right to supplement its answers to these interrogatories and Brown has a continuing obligation to amend its interrogatory answers.

■ Brown further contends that the interrogatories are improper because the substance of communications should be obtained by way of depositions and document requests and because the interrogatories are burdensome. Interrogatories are not improper simply because the same information can be obtained by use of a different discovery procedure. 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2169. In addition, the interrogatories seeking the substance of communications are within the proper scope of interrogatories, Fed.R.Civ.P. 33(b), because the interrogatories seek information relevant to the subject matter of the litigation, Fed.R. Civ.P. 26(b)(1). The interrogatories seek information relevant to plaintiffs' fraudulent concealment claim and defendant Brown Co.'s statute of limitations defense. Similarly, the interrogatories are not objectionable on the ground of burden, because the interrogatories relate to details of allegations in Brown Co.'s answer as to its statute of limitations defense and to information Brown Co. would gather in the preparation of its own case as to plaintiff's fraudulent concealment claim. *Flour Mills of America, Inc. v. Pace*, 75 F.R.D. 676, 680 (E.D.Okl.1977).

## II. Expert Witness Interrogatories

Interrogatory 11 of plaintiffs' second wave interrogatories seeks identification of experts retained by Brown or by Brown and any one or more defendants for purposes of this litigation. Defendant Brown Co. also seeks identification of experts retained or consulted by class plaintiffs for purposes of this litigation and for settlement purposes, the documents relied upon by the experts in preparing reports, identification and description of studies prepared, a summary of the grounds for experts' opinions, and identification of the experts who will testify at trial or at a settlement hearing.

■ Plaintiffs' objections to the filing of Brown's expert witness interrogatory after the cut-off date for the initiation of second wave discovery of October 1, 1978, set by Pretrial Order No. 36, lack merit. First, Brown stands in the shoes of defendant Weyerhauser which filed a similar interrogatory prior to the discovery cut-off and then elected not to pursue the interrogatory. Second, identification of trial experts is a proper third wave interrogatory. In addition, no conference was required pursuant to local rule 12(d) for the resolution of discovery disputes prior to the filing of the motion to compel because plaintiffs absolutely refused to answer and failed to file any objection to the interrogatory.

■ Plaintiffs' interrogatory seeking identification of experts retained by Brown or by Brown and any one or more defendants in this litigation is a proper interrogatory under Fed.R.Civ.P. 26(b)(1) and shall be answered. *Baki v. B. F. Diamond Construction Co.*, 71 F.R.D. 179, 181–82 (D.Md. 1976); *Sea Colony, Inc. v. Continental Insurance Co.*, 63 F.R.D. 113, 114 (D.Del.1974). *But see Perry v. W. S. Darley & Co.*, 54 F.R.D. 278, 280 (E.D.Wis.1971). Plaintiffs' interrogatory does not extend to "facts known or opinions held" by the experts which would require the showing of "exceptional circumstances" to be discoverable. Fed.R.Civ.P. 26(b)(4)(B). Similarly, Brown's interrogatory shall be answered insofar as it seeks identification of experts retained by class plaintiffs in this litigation with two caveats. First, Brown's interrogatory need not be answered for experts consulted informally but not retained or employed by plaintiffs because the excep-

tional circumstances necessary for this discovery have not been shown. *Baki v. B. F. Diamond Construction Co., supra* at 182. Second, Brown's interrogatory is improper as contrary to the protective provisions of Pretrial Order No. 39 to the extent that it seeks identification and information about experts retained for settlement purposes only.

The remainder of Brown's interrogatory falls explicitly under the provisions of Fed.R.Civ.P. 26(b)(4)(A) and (B). Plaintiffs are to answer Brown's interrogatory for expert witnesses they expect to call at trial. Plaintiffs are "to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion" insofar as this information is asked for in Brown's interrogatory. Fed.R.Civ.P. 26(b)(4)(A). Plaintiffs' answer shall include the identification of documents consulted or relied upon by the experts as sought by part B. of Brown's interrogatory. Plaintiffs are not required to answer Brown's interrogatories for experts they do not expect to call at trial except to identify them as discussed *supra*, because Brown has not shown the exceptional circumstances necessary to take this discovery. Fed.R.Civ. P. 26(b)(4)(B).

### III. Conclusion

For the reasons stated, it is therefore ordered that the motion of class plaintiffs to compel answers by defendant Brown Co. to plaintiffs' second wave interrogatories is granted, and the motion of defendant Brown Co. to compel class plaintiffs to answer Brown Co.'s interrogatory seeking identification of and information about litigation and settlement consultants is granted in part and denied in part.