## Philadelphia Electric Company v. Nuclear Energy Liability-Property Insurance Association

*John F. Smith, III*, for plaintiff.
*Stephen A. Cozen*, for defendant Nuclear Energy Liab.
*Alan Klein*, for defendant General Electric Co.

TAKIFF, June 7, 1979—Presently before the court is defendant Nuclear Energy Liability-Property Insurance Association a/k/a Nuclear Energy Property Insurance Association's (NELPIA) motion to compel full and complete answers to its third set of interrogatories addressed to plaintiff Philadelphia Electric Company, for itself and on behalf of Public Service Electric & Gas Company, Atlantic City Electric Company and Delmarva Power & Light Company (PECO).

The interrogatories in question were filed on January 4, 1979, and, pursuant to two extensions of time within which to reply, PECO filed partial answers thereto on March 13, 1979. Requested in the interrogatories are:

(1) The name, address, telephone number, occupation, specialization and qualifications (including training, experience and publications) of each person expected to be called as an expert witness at trial, along with the subject matter, facts, and opinions to which each is expected to testify (30-33);

(2) The factual information supplied to each such

expert expected to be called (including the objects and materials examined) and the grounds for the opinions, including any text materials relied upon (34-35);

(3) Information similar to that requested in the questions summarized in (1), supra, except as to each person who has been consulted or retained as an expert, in anticipation of litigation or preparation for trial, who is *not* expected to be called as a witness at trial (36-39);

(4) Whether each such expert not expected to be called rendered an opinion, the date thereof, its form, to whom it was given, and its present custodian (40-41); and

(5) The name, address, and telephone number of each person who is an eyewitness to the issues of liability or damages or who has knowledge concerning those issues or of the incident referred to in the complaint (42-46).

The determination of the propriety of these inquiries turns upon the Rules of Civil Procedure governing discovery, as recently amended (effective April 16, 1979).

Under the liberalized general discovery provisions of the new rules, a party may obtain discovery of any matter relevant to the pending action which is not privileged: Pa.R.C.P. 4003.1; see Fed.R.Civ.P. 26(b)(1); even if prepared in anticipation of litigation or trial: Pa.R.C.P. 4003.3; compare, Fed.R.Civ.P. 26(b)(3). The discovery of expert testimony is radically expanded by Pa.R.C.P. 4003.5, which closely parallels Fed.R.Civ.P. 26(b)(4). This expansion is intended to prevent unfair surprise, permit adversaries to effectively cross-examine and rebut the expert witnesses of

their opponents, and allow for a more orderly presentation of complex factual issues at trial. However, it is not meant to enable one party to prepare its own case through discovery of the experts of an opponent.

## A. EXPERT WITNESSES EXPECTED TO BE CALLED AT TRIAL

Rule 4003.5 permits a party to require (through interrogatories) the identification (beyond the "identity" and "location" stated in Rule 4003.1) of each expert witness whom another party expects to call at trial, and the subject matter upon which the expert is expected to testify. Further, the substance of the facts and opinion to which each expert is expected to testify, and a summary of the grounds for each opinion, may be obtained.

NELPIA's interrogatories directed to PECO which inquire into the identity (name, address, telephone number, occupation, specialization and qualifications) of each expert expected to be called as a witness at trial, and the subject matter each is expected to testify to, are appropriate. The questions regarding the facts and opinions expected to be testified to are also permissible, with the qualification that only the "substance" of same need be supplied. The requested summary of the grounds for the opinions (inter alia, the factual information supplied to and utilized by the expert, the objects and materials examined, and the tested materials relied upon) is also an appropriate area of inquiry.

Although all of the foregoing information is necessary for adequate trial preparation, it is obvious that the answering party must have determined (with reasonable certainty) who its expert

witnesses at trial will be before it can answer the questions posed. If not then known, it still must be stated in the answers to the interrogatories that experts have not been retained or otherwise engaged for trial. Upon such a statement, a duty arises under Pa.R.C.P. 4007.4(1) to "seasonably" supplement the prior answer when and if an expert is retained for trial testimony. The sanction for failure to disclose the identity of an expert witness (either upon initial inquiry or seasonably after the duty to disclose arises) is the barring of the undisclosed expert from testifying at the trial of the action. See Pa.R.C.P. 4003.5(b).

PECO's answer to the interrogatory requesting disclosure of the identity of the experts to be called at trial is sufficient at present. Two potential experts are identified, and it is further stated that when additional experts are identified, the answer will be supplemented. This supplementation must be done within a reasonable time after the retention of additional experts.

However, the substantive information now offered in regard to the two experts presently disclosed is inadequate. Further details as to their qualifications, the facts and opinions they are expected to testify to, and the grounds for their opinions, must be supplied. Information that may be gleaned at depositions not yet held cannot be relied upon to avoid a present answer to the questions now posed and it is obviously insufficient to state that the grounds for the expert opinions are "general experience and knowledge." As previously stated, only the *substance* of the facts and opinions, and a *summary* of the grounds for the opinions, are necessary. Where an interrogatory can be adequately answered from the records of the answer-

ing party, such records can be specified in lieu of a more formal answer. See Pa.R.C.P. 4006(b).

The sanction for answers to interrogatories that are incomplete (i.e., which fail to fully reveal the facts, opinions and grounds therefor in response to interrogatories asking for *all* facts, opinions and the grounds therefor) is the limitation of the trial testimony of the experts to the fair scope of the information set forth in the answers: Pa.R.C.P. 4003.5(c). See explanatory note to the 1978 amendments to the Rules Governing Depositions and Discovery; Rule 4003.5, A. 2d Penna. Ed. Advance Sheets pp. 46-47 (January 26, 1979) (Explanatory Note).

## B. EXPERTS NOT EXPECTED TO BE CALLED AT TRIAL

Rule 4003.5 carefully distinguishes between an expert witness expected to be called at trial, and an expert not expected to be called as a witness:

"(3) A party may not discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, except a medical expert as provided in Rule 4010(b) or except on order of court as to any other expert upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means, subject to such restrictions as to scope and such provisions concerning fees and expenses as the court may deem appropriate."

NELPIA has made no attempt to show exceptional circumstances entitling them to discovery of

the facts known or opinions held by non-witness experts, so the interrogatories inquiring into these areas are improper. One question does arise: Must exceptional circumstances be demonstrated before the identity and location of non-witness experts can be required to be disclosed? We believe so. Accord: Perry v. W. S. Darley & Co., 54 F.R.D. 278 (E.D. Wisc. 1971); but see Baki v. B. F. Diamond Construction Co., 71 F.R.D. 179 (D. Md. 1976); Sea Colony, Inc. v. Continental Insurance Co., 63 F.R.D. 113 (D. Del. 1974).

The explanatory note apparently assumed the conclusion we have reached: "Under subdivision (a)(3) of the Rule, *no discovery* of such a[n] [expert] witness is permitted . . . unless there is an order of court." A. 2d Penna.Ed. 47 (January 26, 1979) (emphasis supplied).

Fed.R.Civ.P. 26(b)(4)(B) is essentially identical to and served as a model for Pa.R.C.P. 4003.5(3). The note to Fed.R.Civ.P. 26(b)(4)(B) of the advisory committee on the Federal rules states: "A party may on a proper showing require the other party to *name* experts retained or specially employed, but not those informally consulted." 28 U.S.C.A. Rule 26, 161 (emphasis supplied).

As a general proposition a party may obtain discovery regarding the identity and location of persons having knowledge of *discoverable* matters: Pa.R.C.P. 4003.1. Since under Pa.R.C.P. 4003.5(3) a party may not discover facts known or opinions held by a non-witness expert without prior leave of court upon a showing of exceptional circumstances, it necessarily follows that until such a demonstration of need is shown, the identity and location of such an expert must also be unavailable. Before the identity of a non-witness expert and the facts known and opinions held by him can be dis-

covered, the court has to be first convinced that it is impracticable for the inquirer to obtain facts or opinion on the same subject by any other means.

Permitting the discovery of experts not intended to be called at trial does not advance the goal of preventing unfair surprise at trial and facilitating effective cross-examination and rebuttal of expert witnesses at trial. Rather, the discovery of experts not expected to be called could become (without a preliminary showing of need) a vehicle for unfairly making use of an adversary's research and preparation.

We hold that PECO cannot be compelled to answer any of the questions posed by NELPIA inquiring as to experts not expected to be called as witnesses at trial. However, this ruling does not impinge upon discovery of those experts not expected to be called who, despite their status as "experts," nevertheless have personal knowledge of facts relevant to the case. The label "expert not expected to be called at trial" does not confer immunity to all discovery; only discovery relevant to their status as experts. The identity of witnesses otherwise discoverable is not precluded by their subsequent retention or special employment as experts.

The interrogatories inquiring into the identities and locations of those persons expected to be called as witnesses and those witnesses with knowledge pertaining to the case are clearly permissible under Rule 4003.1 and must be answered.

Wherefore, we enter the following

## ORDER

And now, June 7, 1979, upon consideration of defendant Nuclear Energy Liability-Property In-

surance Association's motion to compel full and complete answers to defendant's interrogatories addressed to plaintiff (third set) and plaintiff Philadelphia Electric Company's answer thereto, it is hereby ordered and decreed that plaintiff PECO file full and complete answers to said interrogatories numbered 30, 31, 32, 33, 34, 35, 41, 42, 43, 44, 45 and 46, or suffer appropriate sanctions upon motion of defendant NELPIA. Said motion is otherwise denied.