In re SINKING OF BARGE "RANGER I" CASUALTY NEAR GALVESTON, TEXAS ON MAY 10, 1979.

MDL No. 457.

United States District Court,
S. D. Texas,
Galveston Division.

Dec. 8, 1981.

Robert S. Reich, Terriberry, Carroll, Yancey & Farrell, New Orleans, La., for Bethlehem Steel Corp.

Joseph D. Cheavens, Baker & Botts, Houston, Tex., for Atlantic Pacific Marine Corp.

## MEMORANDUM AND ORDER

HUGH GIBSON, District Judge.

THIS CAUSE is before the Court on the motion of Bethlehem Steel Corporation to compel answers to certain interrogatories directed to Atlantic Pacific Marine Corporation (APMC). Specifically, Bethlehem seeks to disgorge the following:

(1) The names and the reports, notes, and data compilations of experts engaged by APMC to assist in what Bethlehem characterizes as an internal post-casualty investigation into the collapse of the oil screw RANGER I;

(2) The reports, notes, and data compilations of APMC employees characterized as experts who assisted in the post-casualty investigation;

(3) The names of experts engaged by APMC or its legal counsel to assist in the litigation; and

(4) The reports, notes, and data compilations of experts whom APMC expects to call as witnesses at trial.

The fourth request has been rendered moot by the Second Amended Order for Discovery entered by the Court on November 30, 1981. APMC objects generally that the remaining matters fall outside the scope

of discovery permitted by Fed.R.Civ.P. 26(b), are subject to privilege, protected under rule 26(b)(3), or otherwise require a showing of exceptional circumstances before they are discoverable. With the exception of the third request, however, APMC has offered *quid pro quo* to provide the remainder of the information sought. Bethlehem is unassuaged by this proposal.

### What's in a name: Rule 26(b)(4)(B) Experts

The central dispute here concerns Bethlehem's desire to discover the identity of experts retained by APMC or its counsel in anticipation of litigation or preparation for trial who are not expected to be called as witnesses. Existing judicial authority is divided on whether the names of these experts can be discovered without the showing of exceptional circumstances required by Fed.R.Civ.P. 26(b)(4)(B) for discovery of facts known and opinions held by these experts. *Compare Martin v. Easton Publishing Co.*, 85 F.R.D. 312 (E.D.Pa.1980); *In re Folding Carton Antitrust Litigation*, 83 F.R.D. 256 (N.D.Ill.1979); *Arco Pipeline Co. v. S. S. TRADE STAR*, 81 F.R.D. 416 (E.D. Pa.1978); *Weiner v. Bache Halsey Stuart, Inc.*, 76 F.R.D. 624 (S.D.Fla.1977); *Baki v. B. F. Diamond Construction Co.*, 71 F.R.D. 179 (D.Md.1976); *Sea Colony, Inc. v. Continental Insurance Co.*, 63 F.R.D. 113 (D.Del. 1974); *Nemetz v. Aye*, 63 F.R.D. 66 (W.D.

Pa.1974) (showing of exceptional circumstances not required) *with Ager v. Jane C. Stormont Hospital & Training School*, 622 F.2d 496 (10th Cir. 1980); *Guilloz v. Falmouth Hospital Association, Inc.*, 21 F.R. Serv.2d 1367 (D.Mass.1976); *Perry v. W. S. Darley & Co.*, 54 F.R.D. 278 (E.D.Wis.1971); *Fernandes v. United Fruit Co.*, 50 F.R.D. 82 (D.Md.1970) (showing required).

The leading case relied on by Bethlehem is *Baki v. B. F. Diamond Construction Co., supra.* In *Baki* the district court concluded that the identity of experts retained or specifically employed in anticipation of litigation or preparation for trial who are not expected to be called as witnesses may be obtained without a showing of exceptional circumstances, in the absence of some indication that the information is irrelevant, privileged, or otherwise nondisclosable. 71 F.R.D. at 182. In reaching this result the court considered the interrelationship of rules 26(b)(1), 26(b)(4)(A)(i), and 26(b)(4)(B).

Rule 26(b)(1) provides for discovery of the identity and location of persons having knowledge of any discoverable matter.[1] The *Baki* court reasoned that the drafters of the rule in using the word "persons" could not have intended to limit the provision only to "persons who are not experts." Therefore, the court concluded that the provision extended to experts referred to in rules 26(b)(4)(A)(i) and 26(b)(4)(B):[2] The

**1.** Rule 26(b)(1) provides in relevant part:

(1) *In General.* Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party including ... the identity and location of persons having knowledge of any discoverable matter.

**2.** Rule 26(b)(4) provides in relevant part:

(4) *Trial Preparation: Experts.* Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows: (A)(i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject

matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. (ii) Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and such provisions, pursuant to subdivision (b)(4)(C) of this rule, concerning fees and expenses as the court may deem appropriate. (B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

word "identify" as used in rule 26(b)(4)(A)(i) is intended only to ensure that a person to whom that subsection applies is designated as a witness, and not to preclude previous discovery of his identity and location under rule 26(b)(1). Similarly, rule 26(b)(4)(B), which is unconcerned with experts to be called as witnesses, does not require such designation. 71 F.R.D. at 182.

In *Ager v. Jane C. Stormont Hospital & Training School, supra,* however, the Tenth Circuit came to an opposite conclusion, holding that the identity and other collateral information concerning a rule 26(b)(4)(B) expert is not discoverable except as provided in rule 35(b)[3] or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means. 622 F.2d at 503. Citing the advisory committee notes to Rule 26, the court of appeals found that the drafters of the provision did not contemplate the result sanctioned in *Baki*:

> Subdivision (b)(4)(B) is concerned only with experts retained or specially consulted in relation to trial preparation. Thus the subdivision precludes discovery against experts who were informally consulted in preparation for trial, but not retained or specially employed. As an ancillary procedure, a party may *on a proper showing* require the other party to *name* experts retained or specially employed, but not those informally consulted. [Emphasis supplied].

*Id.* (citing *Notes of the Advisory Committee on the 1970 Amendments to the Federal Rules of Civil Procedure, reprinted* at 48 F.R.D. 504).

The Tenth Circuit concluded that the "proper showing" required for discovery of the names of rule 26(b)(4)(B) experts corresponds to the showing of "exceptional circumstances" required for the discovery of the facts known or opinions held by these experts on a given subject. The court elaborated on the policy considerations underlying its view: The advisory committee notes indicate that the structure of rule 26 was developed largely around the doctrine of unfairness—designed to prevent a party from building his own case by means of his opponent's financial resources, superior diligence and more aggressive preparation. Once the identities of retained or specially employed experts are disclosed, the protective provisions of the rule concerning facts known or opinions held by such experts are subverted. The expert may be contacted or his records obtained and information normally non-discoverable under rule 26(b)(4)(B) revealed. Additionally, disclosure of the identities of consultive experts would inevitably lessen the number of consultants willing even to discuss a claim with counsel. If one assumes that access to informed opinions is desirable both in prosecuting valid claims and eliminating groundless ones, a discovery practice that would do harm to these objectives should not be sanctioned. 622 F.2d at 502–03.

■ This court is in substantial agreement with the reasoning and decision in *Ager.* While the court agrees with the *Baki* court's conclusion that the drafters of federal rules did not intend *pro tanto* to exclude experts from the all encompassing category of "persons" whose identity is disclosable under rule 26(b)(1), it is significant that the rule allows only the discovery of "the identity and location of persons having knowledge of *any discoverable matter.*" Fed.R.Civ.P. 26(b)(1) (emphasis added). This provision must be read in light of the more specific directives of rule 26(b)(4), which provide that facts known and opinions held by experts retained or specially employed in anticipation of trial, *otherwise* discoverable under rule 26(b)(1), are discoverable only upon a showing of exceptional circumstances. This would seem to be the "proper showing" contemplated by the advisory committee in its notes to rule 26(b)(4)(B). Since this threshold showing has not been made, Bethlehem's motion to

---

**3.** Rule 35(b) deals with the exchange of information concerning physical or mental examina-

tions of persons, and is not at issue here.

compel discovery of APMC's consultive experts will be denied.[4]

### In-house and out-house experts: (4)(B) or not (4)(B)

Bethlehem seeks to open the door of discovery to the reports of APMC's so-called "in-house" experts, *i.e.*, APMC employees who assisted in the post-casualty investigation of the collapse of the RANGER I. Additionally, Bethlehem desires to flush out information regarding so-called "out-house" experts engaged by APMC to plumb the murky waters of the Gulf of Mexico or otherwise assist in the post-casualty investigation. In the case of both types of experts, the key to whether Bethlehem can drain APMC's files of this much sought information turns on whether these persons fall within the category of experts protected under rule 26(b)(4)(B).

It is generally recognized that experts whose information was not acquired in preparation for trial are not within the contemplation of rule 26(b)(4), and hence their identity and the facts and opinions they have are freely discoverable as with any ordinary witness. This class includes both regular employees of a party not specially employed[5] on the case and also experts who were actors or viewers of the occurrences that gave rise to the suit. *Ager, supra*, at 501; Wright & Miller, Federal Practice and Procedure: Civil § 2029. The distinction between this class of experts and those who are retained or specially employed in anticipation of litigation, however, is somewhat unclear. *Ager, supra*, at 503 n.5. *Compare Virginia Electric & Power Co. v. Sun Shipbuilding & Drydock Co.*, 68 F.R.D. 397 (E.D.Va.1975), *with Seiffer v. Topsy's International, Inc., supra.*

The test to be applied is whether, in light of the nature of the documents and factual situation in a particular case, the experts and their information can fairly be said to have been obtained or acquired because of the prospect of litigation. *Hercules, Inc. v. Exxon Corp.*, 434 F.Supp. 136 (D.Del.1977); *Galambus v. Consolidated Freightways Corp.*, 64 F.R.D. 468 (D.Ind. 1974).[6] Having considered the matters of record germane to this issue, the court is persuaded that the names and reports, notes, and data compilations of outside experts engaged by APMC to assist in its post-casualty investigation and regular APMC employees who participated in this endeavor are freely discoverable to Bethlehem. Therefore, Bethlehem's motion to compel discovery of these items will be granted.

Accordingly, it is ORDERED, ADJUDGED and DECREED that Bethlehem Steel Corporation's motion to compel

(1) The names and the reports, notes, and data compilations of experts engaged by APMC to assist in what Bethlehem characterizes as an internal post-casu-

---

**4.** Reasoning in support of the *Baki* decision, Bethlehem argues that it cannot possibly hope to avail itself of the rule 26(b)(4)(B) discovery provisions if it cannot first discover the names of experts retained or specially employed by APMC in anticipation of litigation. The court finds this argument unpersuasive. Rule 26(b)(4)(B) is intended to allow a party who cannot practicably obtain consultive expert advice or opinion on a given subject to discover the facts known or opinions held by an expert retained by another party in connection with that subject. Clearly, the rule is subject matter oriented, and the court cannot conceive why it is necessary for Bethlehem to discover the names of all experts retained or specially employed by APMC generally in anticipation of litigation before Bethlehem can determine whether there exists relevant subject matter that it cannot practicably obtain facts or opin-

ions on. At most, Bethlehem would need to know only whether APMC has retained experts who may have knowledge of facts or opinions concerning a given subject to determine whether it wishes to pursue discovery under rule 26(b)(4)(B), and the rules would not seem to preclude this inquiry.

**5.** It may be possible for a party's regular employees to be specifically employed in anticipation of litigation or preparation for trial. *See Seiffer v. Topsy's International, Inc.*, 69 F.R.D. 69 (D.Kan.1975.

**6.** Information acquired from an expert who has not been retained or specially employed in anticipation of litigation or for trial ordinarily would not fall within the contours of the trial materials protected under rule 26(b)(3).

alty investigation into the collapse of the oil screw RANGER I

is GRANTED.

(2) The reports, notes, and data compilations of APMC employees characterized as experts who assisted in the post-casualty investigation

is GRANTED.

(3) The names of experts engaged by APMC or its legal counsel to assist in the litigation

is DENIED.