NESBITT, Judge
(concurring in part, dissenting in part):
I agree that the order under review should be quashed but I disagree that the modification suggested should be permitted. In my view, the work product privilege created by Florida Rule of Civil Procedure 1.280(b)(3)(B) applies to the identity of non-witness experts retained or specially employed by a party in anticipation of litigation as well as to the facts known and opinions held by those experts. Accordingly, the identity of these experts should be discoverable “only as provided in Rule 1.360(b)[1] or upon a showing of exceptional *1138 circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.” Fla.R.Civ.P. 1.280(b)(3)(B).
I disagree with the decision in Baki v. B.F. Diamond Construction Co., 71 F.R.D. 179 (D.Md.1976)[2] which indicates that the general rule permitting discovery of “the identity and location of persons having knowledge of any discoverable matter,” see Fed.R.Civ.P. 26(b)(1), is applicable and controls over the specific discovery rule concerning experts. The general rule only permits discovery “regarding any matter, not privileged, that is relevant” and discovery of the identity of persons “having knowledge of any discoverable matter.” Fla.R.Civ.P. 1.280(b)(1). Since all agree that the “facts known or opinions held” by a non-witness expert specially retained in anticipation of litigation are protected by the privilege and are not generally discoverable, Fla.R.Civ.P. 1.280(b)(3)(B), Rule 1.280(b)(1) is not a valid basis for permitting discovery of the identity of these experts.[3] See In re Sinking of Barge “Ranger I”, 92 F.R.D. 486 (S.D.Tex.1981). To permit such discovery without the proper showing of exceptional circumstances will result in the subversion of the protective provisions of and the privilege created by Rule 1.280(b)(3)(B). See Ager v. Jane C. Stormont Hospital & Training School for Nurses, 622 F.2d 496 (10th Cir.1980); Healy v. Counts, 100 F.R.D. 493 (D.Colo.1984).
In my view, the better analysis is found in Ager, where the court set forth the numerous policy reasons why the identity of specially retained non-witness experts should be discoverable only upon a proper showing. 622 F.2d at 502-03. Accordingly, I would adopt the tenth circuit’s analysis and hold that the identity and other collateral information concerning an expert who is retained or specially employed in anticipation of litigation, but not expected to be called as a witness at trial, is not discoverable except “as provided in Rule 1.360(b) or upon a showing of exceptional circumstances,” as provided in Rule 1.280(b)(3)(B). See Ager, 622 F.2d at 503; Healy; In re Sinking of Barge “Ranger I”.

. Rule 1.360(b) deals with the exchange of information concerning physical or mental examinations of persons. These provisions are not at issue in the present case.

. The other federal cases cited by the majority merely follow the holding in Baki without any independent analysis. I further note that the court in Roesberg v. Johns-Manville Corp., 85 F.R.D. 292 (E.D.Pa.1980) cited by the majority, found that exceptional circumstances did exist in that case so as to permit the discovery at issue.

. I find the analysis by the court in Baki with regard to the nondiscoverability of the identity of experts "informally" consulted to be equally applicable to specially retained non-witness experts:
[I]n the absence of most unusual circumstances, they [the experts] would not have any information or knowledge concerning a specific case at hand which would be discoverable. Such information as they would have would be that which generally could be possessed by any expert in their respective field. To allow discovery of the identity of such persons ... would be to interfere unduly with and hamper pretrial preparation and investigation. [citations omitted]
71 F.R.D. at 182.