489 So.2d 1136 (1986)
Luis RUIZ, an Incompetent, BY and through His Guardian, Rosa Ruiz, and Rosa Ruiz, Individually, Petitioners,
v.
Cesar BREA, M.D., Frank Barrera, M.D. and Frank Barrera, M.D., P.A., Respondents.
No. 85-2641.
District Court of Appeal of Florida, Third District.
March 18, 1986.
On Motion for Rehearing June 24, 1986.
Sheldon Schlesinger, Fort Lauderdale, Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel S. Perwin, Miami for petitioners.
Wicker, Smith, Blomquist, Tutan, O'Hara, McCoy, Graham & Lane and Shelley H. Leinicke, Laurie A. Beloff, Miami, for respondents.
Before HENDRY, HUBBART and NESBITT, JJ.
PER CURIAM.
This is a petition for a writ of certiorari seeking review of an interlocutory discovery order which compels two medical malpractice plaintiffs [Luis Ruiz, through his guardian, Rosa Ruiz, and Rosa Ruiz, individually] to answer an interrogatory propounded by a medical malpractice defendant [Cesar Brea, M.D.]. The interrogatory in question requested the plaintiffs to divulge the name, profession and address of "each expert consulted by you or your attorneys, relative to the subject matter of this case, but [who] you do not expect to call to testify at trial." The trial court, upon proper motion, entered an order compelling the plaintiffs to answer this interrogatory. We grant the petition for a writ of certiorari and quash the order under *1137 review as being overbroad. We reach this result based on the following, briefly stated legal analysis.
First, the identity and information possessed by experts informally consulted by a party, but who (a) are not retained or specifically employed in anticipation of litigation or preparation for trial, and (b) will not be witnesses at trial, are not subject to discovery by any method under the Florida Rules of Civil Procedure. This appears to be the settled law in the federal courts interpreting Rule 26(b)(4) of the Federal Rules of Civil Procedure upon which Rule 1.280(b)(3) of the Florida Rules of Civil Procedure was patterned, and we specifically adopt same as the Florida law on this question. See Ager v. Jane C. Stormont Hospital & Training School for Nurses, 622 F.2d 496, 501 (10th Cir.1980); 4 J.M. Moore, J.D. Lucas, G.J. Grotheer, Moore's Federal Practice § 26.66[4], at 26-422 (2d ed. 1984), and cases collected; 8 C.A. Wright and A.R. Miller, Federal Practice and Procedure: Civil § 2033, at 257 (1970).
Second, Florida Rule of Civil Procedure 1.280(b)(3)(B) creates a work product privilege as to "facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness." This rule, however, creates no such privilege as to the identity of such experts and, consequently, this information is ordinarily discoverable where relevant. We are supported in this analysis by what we regard to be the better view taken on this issue by the federal courts in interpreting the comparable federal rule of civil procedure. Baki v. B.F. Diamond Construction Co., 71 F.R.D. 179 (D.Md. 1976); accord Roesberg v. Johns-Manville Corp., 85 F.R.D. 292 (E.D.Pa. 1980); In re Folding Carton Antitrust Litigation, 83 F.R.D. 256 (N.D.Ill. 1979); Arco Pipeline Co. v. S/S Trade Star, 81 F.R.D. 416 (E.D.Pa. 1978); Weiner v. Bache Halsey Stuart, Inc., 76 F.R.D. 624 (S.D.Fla. 1977); 8 Wright & Miller, supra, § 2032, at 255 n. 81 and accompanying text. We have not overlooked the contrary federal authority on this subject but are not persuaded thereby. See 4 Moore's Federal Practice, supra, § 26.66[4], at 26-420, 26-421 setting forth both lines of authority.
Third, the order under review is overbroad because it orders the plaintiffs to disclose the identity of all experts who the plaintiffs have "consulted ... relative to the subject matter of this case," which would include experts informally consulted, but not retained or specially employed, by the plaintiffs. The said order must therefore be quashed as covering information which is not discoverable under Florida law. Upon remand, however, the order under review may be modified to order the plaintiffs to disclose the identity of experts who have been retained or specially employed by them in anticipation of litigation or preparation for trial, but who are not expected to be called as witnesses at trial.
The petition for a writ of certiorari is granted, the order under review is quashed, and the cause is remanded to the trial court with directions to modify the said order as stated above.
It is so ordered.
HENDRY and HUBBART, JJ. concur.
NESBITT, Judge (concurring in part, dissenting in part):
I agree that the order under review should be quashed but I disagree that the modification suggested should be permitted. In my view, the work product privilege created by Florida Rule of Civil Procedure 1.280(b)(3)(B) applies to the identity of non-witness experts retained or specially employed by a party in anticipation of litigation as well as to the facts known and opinions held by those experts. Accordingly, the identity of these experts should be discoverable "only as provided in Rule 1.360(b)[1] or upon a showing of exceptional *1138 circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Fla.R.Civ.P. 1.280(b)(3)(B).
I disagree with the decision in Baki v. B.F. Diamond Construction Co., 71 F.R.D. 179 (D.Md. 1976)[2] which indicates that the general rule permitting discovery of "the identity and location of persons having knowledge of any discoverable matter," see Fed.R.Civ.P. 26(b)(1), is applicable and controls over the specific discovery rule concerning experts. The general rule only permits discovery "regarding any matter, not privileged, that is relevant" and discovery of the identity of persons "having knowledge of any discoverable matter." Fla.R.Civ.P. 1.280(b)(1). Since all agree that the "facts known or opinions held" by a non-witness expert specially retained in anticipation of litigation are protected by the privilege and are not generally discoverable, Fla.R.Civ.P. 1.280(b)(3)(B), Rule 1.280(b)(1) is not a valid basis for permitting discovery of the identity of these experts.[3]See In re Sinking of Barge "Ranger I", 92 F.R.D. 486 (S.D.Tex. 1981). To permit such discovery without the proper showing of exceptional circumstances will result in the subversion of the protective provisions of and the privilege created by Rule 1.280(b)(3)(B). See Ager v. Jane C. Stormont Hospital & Training School for Nurses, 622 F.2d 496 (10th Cir.1980); Healy v. Counts, 100 F.R.D. 493 (D.Colo. 1984).
In my view, the better analysis is found in Ager, where the court set forth the numerous policy reasons why the identity of specially retained non-witness experts should be discoverable only upon a proper showing. 622 F.2d at 502-03. Accordingly, I would adopt the tenth circuit's analysis and hold that the identity and other collateral information concerning an expert who is retained or specially employed in anticipation of litigation, but not expected to be called as a witness at trial, is not discoverable except "as provided in Rule 1.360(b) or upon a showing of exceptional circumstances," as provided in Rule 1.280(b)(3)(B). See Ager, 622 F.2d at 503; Healy; In re Sinking of Barge "Ranger I".

ON MOTION FOR REHEARING
PER CURIAM.
The petitioners' motion for rehearing is granted. The opinion of Judge Nesbitt concurring in part and dissenting in part with the majority opinion is adopted as the majority opinion and judgment of the court and the order under review is quashed in its entirety.
It is so ordered.
HENDRY and NESBITT, JJ., concur.
HUBBART, Judge (dissenting).
I must respectfully dissent. I would deny the petitioners' motion for rehearing and adhere to the original opinion of the court.
NOTES
[1] Rule 1.360(b) deals with the exchange of information concerning physical or mental examinations of persons. These provisions are not at issue in the present case.
[2] The other federal cases cited by the majority merely follow the holding in Baki without any independent analysis. I further note that the court in Roesberg v. Johns-Manville Corp., 85 F.R.D. 292 (E.D.Pa. 1980) cited by the majority, found that exceptional circumstances did exist in that case so as to permit the discovery at issue.
[3] I find the analysis by the court in Baki with regard to the nondiscoverability of the identity of experts "informally" consulted to be equally applicable to specially retained non-witness experts:

[I]n the absence of most unusual circumstances, they [the experts] would not have any information or knowledge concerning a specific case at hand which would be discoverable. Such information as they would have would be that which generally could be possessed by any expert in their respective field. To allow discovery of the identity of such persons ... would be to interfere unduly with and hamper pretrial preparation and investigation. [citations omitted]
71 F.R.D. at 182.