[No. 15816-3-I. Division One. January 13, 1986.]

CASEY L. DETWILER, ET AL, *Petitioners*, v. GALL, LANDAU & YOUNG CONSTRUCTION CO., *Respondent.*

*Paul N. Luvera, Jr.,* for petitioners.

*Tewell, Thorpe & Findlay, Duane Tewell,* and *Michael T. Watkins,* for respondent.

*Robert H. Whaley, Bryan P. Harnetiaux,* and *Paul L. Stritmatter* on behalf of Washington Trial Lawyers Association, amici curiae for petitioners.

WEBSTER, J.—Casey and Bernita Detwiler appeal an order compelling discovery. The judge ordered the Detwilers to disclose, through answers to interrogatories, the identities of experts consulted by the Detwilers but who are not expected to be called to testify at trial. We reverse.

## FACTS

Casey Detwiler was a passenger in a motor vehicle driven by Wilford Henry Blain. On September 16, 1982, Detwiler suffered personal injuries when the motor vehicle struck a guardrail. Blain was an employee of Gall, Landau & Young Construction Company (GLY). Detwiler alleges negligence by Blain, GLY, City of Redmond and the State of Washington.

GLY served its first set of interrogatories on Detwiler requesting certain identifying information about consulting experts. Detwiler objected to providing information about nonwitness "consulting" experts because he felt the information requested was protected from discovery by CR 26. GLY successfully sought an order compelling answers to the interrogatories. Detwiler moved for and was granted an expedited discretionary review before this court.

The sole issue on appeal is whether GLY may discover identifying information about nonwitness experts without a showing of exceptional circumstances.

CR 26 embodies the general provisions governing discovery and CR 26(b)(4) governs the discovery of information concerning experts. Both parties agree discovery is appropriate for experts who will be called to testify at trial. CR 26(b)(4)(A)(i). The dispute arises over whether CR 26(b)(4)(B) precludes discovery of the identities of nonwitness experts, as well as the facts known and opinions held by the experts, unless exceptional circumstances are

shown.[1] Because this is an issue not previously decided by the courts of this state, we turn to the body of cases interpreting the federal counterpart of this rule, Fed. R. Civ. P. 26.

At the outset we note that Fed. R. Civ. P. 26(b)(4)(B) differs from CR 26(b)(4)(B) in that the federal rule precludes discovery of facts known and opinions held by a nonwitness expert "who has been retained or specially employed by another party in anticipation of litigation or preparation for trial" except under rule 35(b) or absent a showing of exceptional circumstances. The Washington rule, CR 26(b)(4)(B), does not contain the "retained or specially employed" language; thus we will not read this language into the rule. *See Coughlin v. Seattle,* 18 Wn. App. 285, 567 P.2d 262 (1977).[2] We decline to follow *Breimon v. General Motors Corp.,* 8 Wn. App. 747, 509 P.2d 398 (1973), which suggests otherwise.[3]

Approximately half of the cases construing Fed. R. Civ. P. 26(b)(4)(B) allow discovery of the identities of nonwitness experts, while the other half do not. Several courts which have allowed discovery of the identities of nontestifying experts have reasoned that since the text of Fed. R. Civ. P. 26(b)(4)(B) does not include "identity", only facts and opinions of the experts are protected from discovery,

---

[1]CR 26(b)(4)(B) reads:

"(4) *Trial Preparation: Experts.* Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subsection (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:

". . .

"(B) A party may discover facts known or opinions held by an expert who is not expected to be called as a witness at trial, only as provided in rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means."

[2]Ordinary rules of statutory construction are used to construe court rules. *State v. McIntyre,* 92 Wn.2d 620, 600 P.2d 1009 (1979).

[3]*See* 4 L. Orland, Wash. Prac. § 5308 (3d ed. 1983).

not the identities of nonwitness experts. *See, e.g., Sea Colony, Inc. v. Continental Ins. Co.,* 63 F.R.D. 113 (D. Del. 1974). Other courts have allowed discovery of the identities of "retained or specially employed" nonwitness experts under the general discovery provisions of Fed. R. Civ. P. 26(b)(1).[4] *Baki v. B.F. Diamond Constr. Co.,* 71 F.R.D. 179 (D. Md. 1976); *see also In re Folding Carton Antitrust Litig.,* 83 F.R.D. 256 (N.D. Ill. 1979). Most courts allowing discovery of the identities require the answering party to furnish the names, addresses and other identifying information about the experts; *Baki v. B.F. Diamond Constr. Co., supra.* However, at least one court allowed discovery of the experts' names and addresses, but not their areas of expertise. *See Arco Pipeline Co. v. S/S Trade Star,* 81 F.R.D. 416 (E.D. Pa. 1978).

Some jurisdictions disallowing discovery of nonwitness experts (unless exceptional circumstances are shown) have not stated any particular reason for precluding discovery of the "identity" of the experts and "facts known or opinions held" by the experts. *E.g., Perry v. W.S. Darley & Co.,* 54 F.R.D. 278 (E.D. Wis. 1971); *see also Fernandes v. United Fruit Co.,* 50 F.R.D. 82 (D. Md. 1970).

In *Ager v. Jane C. Stormont Hosp. & Training Sch. for Nurses,* 622 F.2d 496 (10th Cir. 1980), the court held that the identities of experts retained or specially employed in anticipation of litigation but not expected to be called as witnesses at trial were not discoverable except as provided in rule 35(b) or upon a showing of exceptional circumstances. In reaching its decision the court focused its attention on one of the Federal Advisory Committee's Notes to Fed. R. Civ. P. 26, which reads:

---

[4]Fed. R. Civ. P. 26(b)(1) provides, in part:

"(b) Discovery Scope and Limits. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

"(1) In General. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, . . . including . . . the identity and location of persons having knowledge of any discoverable matter."

Subdivision (b)(4)(B) is concerned only with experts retained or specially consulted in relation to trial preparation. Thus the subdivision precludes discovery against experts who were informally consulted in preparation for trial, but not retained or specially employed. As an ancillary procedure, a party may *on a proper showing* require the other party to *name* experts retained or specially employed, but not those informally consulted.

(Italics ours.) From this the *Ager* court concluded that the "proper showing" referred to a showing of "exceptional circumstances." *Ager,* at 503.

The *Ager* court listed several policy considerations supporting its decision: (1) once the identities are disclosed the experts may be contacted or their records obtained, thereby subverting the protective provisions of the rule; (2) the opponent may attempt to compel the adverse party's expert to testify at trial; (3) a party may call his opponent to the stand and ask if certain experts were retained but not called as witnesses, thereby leaving the jury with an inference that adverse facts or opinions are being suppressed; and (4) discovery of the identities of consultative experts would result in a decrease in the number of candid opinions available. *Ager,* at 503.

Even though Washington courts have not addressed the issue presented here, our courts have decided two cases concerning CR 26(b)(4) which have a tangential bearing on this issue. In *Crenna v. Ford Motor Co.,* 12 Wn. App. 824, 832, 532 P.2d 290, *review denied,* 85 Wn.2d 1011 (1975), we refused to allow the defendant to call plaintiff's consultative expert as a witness at trial, holding that the defendant had not met the burden of establishing "exceptional circumstances" which would have warranted discovery. In *Crenna,* we recognized that a trial was an adversary proceeding and that fundamental fairness requires that discovery "not be utilized to defeat a litigant by probing for real or apparent weaknesses in his case which may have been revealed in his trial preparation." *Crenna,* at 831.

Similarly, in *Mothershead v. Adams,* 32 Wn. App. 325, 647 P.2d 525 (1982), this court refused to allow the plaintiff

to depose a medical expert who was retained by the defendant but who was not to be called by the defendant to testify at trial. The court held that the physician could not be deposed absent a showing of exceptional circumstances or as provided in CR 35(b) because to hold otherwise "encourages parties to sit back and let their opponents do their work for them." *Mothershead*, at 331. The court commented:

> Our conclusion permits both plaintiff's and defendant's lawyers to seek out various experts to determine facts without the chilling effect of having some expert with whom they consulted and with whom they disagreed being called as a witness against them.

*Mothershead*, at 331.

Reviewing the policy considerations presented in *Ager*, we conclude that a decision denying discovery of the identities of nonwitness experts is most consistent with existing Washington case law, *i.e.*, *Crenna* and *Mothershead*. Therefore, we hold that the identities of nonwitness experts are not discoverable absent a showing of exceptional circumstances.[5]

Although our decision precludes discovery of the identities of nonwitness experts without a showing of exceptional circumstances,[6] we caution counsel against using CR 26(b)(4)(B) as a tactic to delay discovery of an expert witness who will be called to testify at trial. CR 26(e)(1) places a duty upon the parties to seasonably supplement responses to interrogatories requesting information about expert witnesses. Exclusion of the expert's testimony is an appropriate sanction for failure to supply such supplemen-

---

[5]While we will not attempt here to define "exceptional circumstances", we note that several federal cases have addressed this issue. *See generally* Annot., *Pretrial Discovery of Facts Known and Opinions Held by Opponent's Experts Under Rule 26(b)(4) of Federal Rules of Civil Procedure*, 33 A.L.R. Fed. 403, 469–74 (1977).

[6]GLY does not contend that any exceptional circumstances exist in this case which would warrant the discovery of identifying information concerning Detwiler's nonwitness experts.

tary responses. *Lampard v. Roth,* 38 Wn. App. 198, 684 P.2d 1353 (1984); *Rupert v. Gunter,* 31 Wn. App. 27, 640 P.2d 36 (1982).

We reverse the trial court's decision.

COLEMAN and GROSSE, JJ., concur.