Honorable Jeremy Randolph Lewis County Prosecuting Attorney 360 N.W. North Street Chehalis, WA 98532-1900
Dear Mr. Randolph:
By letter previously acknowledged, you have requested our opinion on the following paraphrased questions:
 When a defendant is charged as an adult with a sex crime before his or her eighteenth birthday and receives a special sex offender sentencing alternative ("SSOSA") sentence, which agency bears responsibility to pay for treatment?
 Does the responsibility for paying for treatment continue after the defendant turns eighteen, or does it cease at his or her eighteenth birthday?
 BRIEF ANSWER
We conclude that when the defendant is charged as an adult with a sex crime prior to his or her eighteenth birthday, the state, meaning in this context the Department of Corrections, is responsible for paying for treatment under a SSOSA sentence. Pursuant to statute, the Department of Corrections remains responsible for paying for the treatment even after the defendant turns eighteen.
 BACKGROUND
The Legislature has authorized an alternative sentencing option, known as the "special sex offender sentencing alternative" or "SSOSA", for certain qualifying defendants. RCW 9.94A.120(8). This sentencing alternative is available to certain first-time sex offenders who are judged to be amenable for treatment. RCW 9.94A.120(8)(a)(i). The alternative utilizes a treatment program in lieu of, or in some cases in addition to, a sentence of total confinement. RCW 9.94A.120(8)(a)(ii). As our Supreme Court has explained, "[t]he Legislature developed the special sentencing provision for first time sex offenders in an attempt to prevent future crimes and protect society." State v. Young, 125 Wn.2d 688, 693,888 P.2d 142 (1995).
The statute authorizes the trial court to order an evaluation to determine whether an otherwise eligible defendant would be amenable to treatment and specifies the information to be included in an evaluation report. RCW 9.94A.120(8)(a)(i). The court will then consider whether, based on the report, "the offender and the community will benefit from use of this special sex offender sentencing alternative and consider the victimOs opinion whether the offender should receive a treatment disposition under this subsection". RCW 9.94A.120(8)(a)(ii). If the court finds a SSOSA sentence to be appropriate, it sentences the offender to a standard range sentence. If that sentence is less than eleven years of confinement, the court may suspend its execution and place the defendant on community custody with certain conditions. Those conditions include up to three years of sex offender treatment, on either an outpatient or inpatient basis. RCW 9.94A.120(8)(a)(ii)(A), (B). The court may revoke the suspended sentence at any time if the defendant violates the court-imposed conditions or fails to make satisfactory progress in treatment. RCW 9.94A.120(8)(a)(vi).
 DISCUSSION
Your first question, repeated for ease of reference, inquired:
 When a defendant is charged as an adult with a sex crime before his or her eighteenth birthday and receives a special sex offender sentencing alternative ("SSOSA") sentence, which agency bears responsibility to pay for treatment?
The Legislature has made special provision for the payment of evaluation and treatment costs associated with SSOSA sentences for sex offenders who are charged prior to turning eighteen. The Legislature has provided:
 If the defendant was less than eighteen years of age when the charge was filed, the state shall pay for the cost of initial evaluation and treatment.
RCW 9.94A.120(8)(a)(x).
The statute provides that if the defendant is charged as an adult prior to turning eighteen, public funds are to be provided for evaluation and treatment relating to a SSOSA sentence. The statute provides that the "state" is to assume this cost. Your question requires us to determine what the word "state" means in this statutory context. Often such terms as "state" or "state agency" are used in statute to distinguish state government from local government, but this is not clearly so in this instance. The statute in question relates to sentencing in criminal proceedings. The court in Young concluded that the trial court has the authority to order that the prosecution pay for an evaluation for an indigent defendant, but paying for treatment was not before the court.Young, 125 Wn.2d at 696-97. This suggests the possibility the county could be responsible for payment of treatment as well. The initial evaluation, however, occurs prior to conviction as a part of the prosecution of the case. At this stage of the case, the defendant is typically in the custody of the county. Evaluation can be seen as an incidental process relating to the prosecution, which in most cases is conducted by the prosecuting attorney, a county officer. RCW 36.27.020.
Treatment, in contrast, is provided after the offender is sentenced and is therefore in the custody of the Department of Corrections ("DOC"). RCW 9.94A.120(8)(a)(ii). The sentence might include a period of confinement or community custody, but in either event, the offender is in DOC custody at this point. It therefore seems unlikely that the Legislature intended the county to assume financial responsibility for the treatment when the prosecution is completed and the defendant is no longer in the custody of the county.
An examination of the legislative history behind the statutory provision at issue supports the conclusion that DOC is responsible for paying the treatment costs. The language at issue, RCW 9.94A.120(8)(a)(x), was added in 1997 as part of an extensive juvenile justice reform bill. Laws of 1997, ch. 338, 4. The legislative files concerning that legislation, currently housed in the State Archives, include a fiscal note submitted by DOC. This fiscal note sets forth the DepartmentOs assessment, at the time the legislation was pending, of the fiscal impact of the bill on the Department. After estimating the cost, the Department explained: "It should be noted that the estimated cost for this section includes both the cost of the initial evaluation and the treatment required under SSOSA." Department of Corrections, Fiscal Note: An Act Relating toJuveniles, HB 3900, at 4 (Revision #2 1997).
It therefore appears that DOC understood that this legislation would require it to pay the costs of treatment for sex offenders who are charged before turning eighteen and receive SSOSA sentences. DOC advised the Legislature of this understanding in the fiscal note. Nothing in either the text of the statute or the remainder of the legislative record contradicts that conclusion.
This legislative history is consistent with the way costs are generally paid when a person is convicted of a felony. DOC, and not the county, generally bears the expenses of offenders who are convicted and committed to the custody of DOC, including community custody. We therefore conclude that DOC, and not the county, bears the expense of treatment provided to a sex offender who was charged prior to turning eighteen and received a SSOSA sentence.
Your second question, repeated for ease of reference, inquired:
 Does the responsibility for paying for treatment continue after the defendant turns eighteen, or does it cease at his or her eighteenth birthday?
You next ask whether the obligation to pay for the treatment ends when the offender turns eighteen. We conclude that it does not.
We note first that the statute does not generally make treatment a public expense. The statute is silent as to the payment of treatment costs for offenders who were over eighteen at the time of charging. While it comprehends providing an evaluation at public expense for an indigent offender over age eighteen, it includes no similar reference to providing treatment at public expense. RCW 9.94A.120(8)(a)(i); Young,125 Wn.2d at 696.
The sole statutory exception simply states that this obligation to pay for the treatment with public funds arises "[i]f the defendant was less than eighteen years of age when the charge was filed". RCW 9.94A.120(8)(a)(x). In that case, "the state shall pay for the cost".Id. It also includes provisions governing termination of treatment. RCW 9.94A.120(8)(a)(iv) (treatment termination hearings); RCW 9.94A.120(8)(a)(ii)(B) (treatment orders limited to three years). It includes no provision addressing termination of payments by the state, except that obviously such payments would end upon completion of the treatment. The statute addresses the stateOs obligation to pay only in terms of a triggering event, specifically filing charges prior to the defendantOs eighteenth birthday.
The only way in which we could conclude that the obligation to pay ends when the defendant turns eighteen would be to read into the statute words that are not there. The statute simply provides that the obligation to pay arises if the defendant is charged prior to turning eighteen and provides for the eventual termination of treatment. The statute contains no language indicating that the stateOs payment obligation ceases when the defendant reaches eighteen years of age, or on any other particular occasion (except, of course, when the treatment concludes), nor are we aware of any underlying general principle limiting state payment in this regard. We cannot, through statutory construction, "read into a statute words that are not there". Henley v. Henley, 95 Wn. App. 91, 98,974 P.2d 362 (1999) (quoting Coughlin v. City of Seattle, 18 Wn. App. 285,289, 567 P.2d 262 (1977)); see also State v. Chester, 133 Wn.2d 15, 21,940 P.2d 1374 (1997). We therefore conclude that the stateOs obligation to pay arises if the defendant has not reached age eighteen when charged and continues until treatment terminates.
We trust that this analysis will be of assistance.
Very truly yours,
CHRISTINE O. GREGOIRE Attorney General
JEFFREY T. EVEN Assistant Attorney General