IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| In the Matter of the Detention of<br><br>A.P.,<br><br><div align="right">Appellant.</div> | No. 85158-6-I<br><br>UNPUBLISHED OPINION |

BOWMAN, J. — The State detained A.P. under the involuntary treatment act (ITA), chapter 71.05 RCW, and petitioned to involuntarily administer antipsychotic medication. A.P. moved for public funding of a consulting expert witness to defend the motion and simultaneously sought to redact the name of the expert and any trial strategy from the motion, its supporting documentation, and any resulting court orders as protected work product under CR 26(b). A.P. appeals the court's denial of her motion to redact her expert's name. Because A.P. fails to show a specific, concrete, certain, and definite need to redact the name of her consulting expert to prevent a "serious and imminent threat" to her fair trial rights under the factors in *Seattle Times Co. v. Ishikawa*, 97 Wn.2d 30, 37-39, 640 P.2d 716 (1982), we affirm.

FACTS

In 2022, the State successfully petitioned to involuntarily commit A.P. at Valley Cities Behavioral Health Care under the ITA. After an initial commitment proceeding in April 2022, the State and A.P. entered a series of agreed

commitment orders.  In March 2023, the State petitioned to involuntarily administer A.P. antipsychotic medications.

A.P. moved for public funding of a consulting expert[1] to challenge the forced medication petition.[2]  She simultaneously moved to redact the name of the expert from her motion, its supporting documents, and any resulting court orders.  A.P. argued that the court should redact the identity of the expert under *Ishikawa* because it amounted to protected attorney and expert work product under CR 26(b)(4) and (5).

The court granted A.P.'s motion for public funding but denied her motion to redact the name of her expert.  A.P. moved for reconsideration.  On reconsideration, the court granted redaction of any "specific trial strategy" from the motion for public funding and attached documents.  But the court again declined to redact the name of the consulting expert because it does not "invoke[ ] attorney work product."  The court concluded that A.P. failed to show "an interest which necessitates this redaction" under *Ishikawa*.

A.P. appealed, seeking discretionary review.  In April 2023, a commissioner of this court granted the petition.  After we accepted discretionary review, the trial court heard and dismissed the State's petition to compel medication without prejudice.

---

[1] The parties use the terms "consulting expert" and "nontestifying expert" interchangeably.

[2] The motion for public funding, its supporting documentation, and the court's order on her motion are not in the record.  We presume the consulting expert's name appears in those documents.

ANALYSIS

A.P. argues the trial court erred by refusing to redact the name of her consulting expert in her motion for public funds and supporting documents. The State argues her appeal is moot. We first address mootness.

1. Mootness

The State argues that A.P.'s appeal is moot because the trial court denied its petition for involuntary medication while this appeal was pending, rendering A.P.'s request for redaction obsolete. We disagree.

A case is moot if we can no longer provide effective relief. *In re Det. of H.N.*, 188 Wn. App. 744, 749, 355 P.3d 294 (2015). But we "may review a moot case if it presents issues of continuing and substantial public interest." *Id.* In deciding whether a case presents issues of continuing and substantial public interest, we consider (1) whether the issue is of a public or private nature, (2) whether an authoritative determination is desirable to provide future guidance to public officers, and (3) whether the issue is likely to recur. *Id.* We may also consider " 'the likelihood that the issue will escape review because the facts of the controversy are short-lived.' " *Id.* at 750[3] (quoting *Westerman v. Cary*, 125 Wn.2d 277, 286-87, 892 P.2d 1067 (1994)). Challenges that are case specific and unlikely to recur will not support review. *In re Det. of B.M.*, 7 Wn. App. 2d 70, 76, 432 P.3d 459 (2019).

---

[3] Internal quotation marks omitted.

Whether a court must redact the identity of a consulting expert from requests for public funding in ITA cases is a short-lived issue likely to recur.[4] Petitions to involuntarily administer medication involve questions of medical efficacy and necessity. So, respondents will likely continue to move for public funding of consulting experts to defend against such petitions. And redaction of those experts' names amounts to a live controversy only while the petition for involuntary medication is pending, so it is a short-lived process. *See* RCW 71.05.217(1)(j), .310. Accordingly, we address the substance of A.P.'s claim.

2. Motion to Redact

A.P. argues that redacting the expert's name from her request for public funding and any resulting court orders was necessary to protect her attorney's and expert's work product under CR 26(b). We disagree.

We review a trial court's decision on a motion to redact records for an abuse of discretion. *Rufer v. Abbott Labr'ys*, 154 Wn.2d 530, 540, 114 P.3d 1182 (2005). A court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. *In re Ints. of M.B.*, 101 Wn. App. 425, 454, 3 P.3d 780 (2000); *Vance v. Offs. of Thurston County Comm'rs*, 117 Wn. App. 660, 671, 71 P.3d 680 (2003).

In determining whether a court may seal records, we start with the presumption of openness. *Rufer*, 154 Wn.2d at 540. Our state constitution mandates that "[j]ustice in all cases shall be administered openly, and without

---

[4] Indeed, here, the trial court dismissed the State's petition without prejudice.

unnecessary delay." Art. I, § 10. But this right of access is not absolute; the trial court must determine case-by-case whether competing interests outweigh the right to access open courts. *Allied Daily Newspapers of Wash. v. Eikenberry*, 121 Wn.2d 205, 211, 848 P.2d 1258 (1993).

To satisfy the requirements of Washington Constitution article I, section 10, a court must analyze the five factors set forth in *Ishikawa*. *State v. Parvin*, 184 Wn.2d 741, 765-66, 364 P.3d 94 (2015) (citing *Ishikawa*, 97 Wn.2d at 36-39).[5] Under *Ishikawa*, the party seeking to seal or redact court filings " 'must make some showing of the need for doing so, and where that need is based on a right other than an accused's right to a fair trial, the proponent must show a "serious and imminent threat" to that right.' " *Id.* (quoting *Eikenberry*, 121 Wn.2d at 210 (quoting *Ishikawa*, 97 Wn.2d at 37)); *Rufer*, 154 Wn.2d at 540.[6]

---

[5] The court must also comply with the "uniform procedure for the destruction, sealing, and redaction of court records" under GR 15. GR 15(a). That rule requires the court to hold a hearing, provide all parties with notice of the hearing, and, if it decides to grant the motion, issue written findings justifying the decision to seal. GR 15(c)(1)-(2). Those findings must identify "compelling privacy or safety concerns that outweigh the public interest in access to the court record." GR 15 (c)(2). And if "redaction will adequately resolve the issues before the court," it must redact rather than seal the records. GR 15(c)(3).

[6] The five *Ishikawa* factors the court must consider are (1) the "need for closure or sealing," (2) that " '[a]nyone present when the closure [and/or sealing] motion is made must be given an opportunity to object to the [suggested restriction],' " (3) whether "the requested method for curtailing open access would be both the least restrictive means available and effective in protecting the interests threatened," (4) " 'the competing interests of the defendant and the public,' " and (5) that " '[t]he order must be no broader in its application or duration than necessary to serve its purpose.' " 97 Wn.2d at 37-39 (some alterations in original) (quoting *Federated Publ'ns, Inc. v. Kurtz*, 94 Wn.2d 51, 62-64, 615 P.2d 440 (1980)); *Parvin*, 184 Wn.2d at 765-66. The parties do not dispute *Ishikawa* factors (2) to (5), so we address only the first "need" factor.

A.P. argues that *Parvin* compels redaction of her consulting expert's name as attorney work product under CR 26(b)(4)[7] to protect "the trial strategy supporting the need for the requested expert."  But *Parvin* does not support her argument.

In *Parvin*, the trial court sealed ex parte motions to obtain public funding for expert services in a parental termination proceeding.  184 Wn.2d at 749-50.  While preparing for trial, a party discovered the orders and moved to show cause as to why the court should not vacate the sealing orders.  *Id.* at 750.  The court issued a memorandum opinion upholding its decision to seal.  *Id.*  Disregarding the *Ishikawa* factors, the court broadly asserted that the ex parte procedure was "necessary to protect the work product of indigent parents' attorneys."  *Id.* at 750-51.  We affirmed.  *Id.* at 752.

Our Supreme Court reversed.  *Parvin*, 184 Wn.2d at 773.  It concluded that the trial court's sealing procedure "ran afoul of article I, section 10 [of the Washington Constitution] because [it] failed to apply the *Ishikawa* factors" and that "[n]one of the *Ishikawa* factors support the trial court's decision."  *Id.* at 753.  The court acknowledged that parties "can credibly assert a need to protect [documents] from disclosure to opposing parties to the extent that they contain work product or other material protected by our court rules."  *Id.* at 767.  And it encouraged redaction of the work product over sealing whole documents.  *Id.*

---

[7] CR 26(b)(4) protects attorney work product from discovery.  It protects from discovery documents made in reasonable anticipation of trial such as interview notes, mental impressions, legal opinions, and trial strategy.  CR 26(b)(4); *Soter v. Cowles Publ'g Co.*, 162 Wn.2d 716, 745-46, 174 P.3d 60 (2007).

But the court made clear that a conclusory assertion that documents contain work product does not satisfy *Ishikawa*. *Id.* Instead, the petitioner must show "a 'specific, concrete, certain, and definite' " need for sealing. *Id.* (quoting *State v. Waldon*, 148 Wn. App. 952, 962-63, 202 P.3d 325 (2009)).

In her motion to redact her request for public funds, A.P. points to "the identity of the nontestifying expert and trial strategy" as attorney work product. But A.P. does not explain how disclosing the identity of her nontestifying expert reveals her attorney's mental impressions or trial strategy. Indeed, the only issue before the court was whether to order involuntary medication. Such a hearing focuses on whether the administration of antipsychotic medications is necessary, effective, and medically acceptable.[8] A.P. makes no argument that disclosing the name of her consulting expert would reveal her strategy to contest any of those discrete issues. As a result, A.P. fails to show a clear and definite need to redact her consulting expert's name to protect attorney work product under CR 26(b)(4).

A.P. also argues that *Detwiler v. Gall, Landau & Young Construction Co.*, 42 Wn. App. 567, 712 P.2d 316 (1986), compels redaction of her expert's name

---

[8] Under RCW 71.05.217(1)(j)(i), the State must prove

by clear, cogent, and convincing evidence that there exists a compelling state interest that justifies overriding the patient's lack of consent to the administration of antipsychotic medications . . . , that the proposed treatment is necessary and effective, and that medically acceptable alternative forms of treatment are not available, have not been successful, or are not likely to be effective.

as expert work product under CR 26(b)(5).[9]  In that negligence case, Gall,
Landau & Young Construction Company (GLY) served interrogatories on
Detwiler, seeking information about the identity of Detwiler's consulting experts.
*Id.* at 568.  Detwiler objected to the request, but GLY successfully sought an
order compelling answers to the interrogatories.  *Id.*  On discretionary review, we
considered "whether GLY may discover identifying information about [consulting]
experts without a showing of exceptional circumstances."  *Id.*  Relying on federal
case law interpreting Federal Rule of Civil Procedure 26, we concluded that a
consulting expert's name amounts to work product under CR 26(b)(5)[10] and is
"not discoverable absent a showing of exceptional circumstances."  *Id.* at 569-72.

A.P.'s reliance on *Detwiler* is inapt.  A.P. is not seeking to prevent
disclosure of information in a discovery dispute.  She is seeking to redact
information in a court filing.  To do so, she must overcome the presumption of
openness under article I, section 10 of our constitution.  *Rufer*, 154 Wn.2d at 540.
While the work-product doctrine is a "well-established principle that protects
important interests," it is not "a fundamental right with constitutional moorings."
*Parvin*, 184 Wn.2d at 757.  Under *Ishikawa*, A.P. can overcome the constitutional
presumption of openness only if she can show a specific, concrete, certain, and
definite need for redaction to prevent a " 'serious and imminent threat' " to her fair

---

[9] CR 26(b)(5) governs discovery of expert work product.  It protects "facts known or opinions held by an expert who is not expected to be called as a witness at trial" unless the party seeking discovery shows "exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means."  CR 26(b)(5)(B).

[10] *Detwiler* cites former CR 26(b)(4) (1985) "govern[ing] the discovery of information concerning experts."

trial rights. *Parvin*, 184 Wn.2d at 766-67[11] (quoting *Ishikawa*, 97 Wn.2d at 37). *Detwiler* does not relieve her of that obligation.

Because A.P. made no specific showing of need under *Ishikawa*, the trial court did not abuse its discretion by denying her motion to redact under CR 26(b). We affirm.

_Brennan, J_

WE CONCUR:

_Coburn, J._        _Mann, J._

---

[11] Internal quotation marks omitted.