**John L. ROSS**

v.

**BURLINGTON NORTHERN RAILROAD CO.**

No. 90 C 7283.

United States District Court, N.D. Illinois.

June 13, 1991.

Don C. Aldrich, Yaeger, Yaeger, Jungbauer & Barczak, P.A., Minneapolis, Minn., for plaintiff.

John Newell, Kenneth J. Wysoglad & Associates, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Defendant, Burlington Northern Railroad Company, seeks an order compelling plaintiff, John L. Ross, to produce a certain witness for deposition. The witness was originally designated by plaintiff as a testifying expert witness, but he has now been labelled a consulting expert witness. Defendant claims that it should be permitted to take the deposition of this witness because he was once named as a testifying expert witness. Alternatively, defendant claims that plaintiff waived the protection of Fed.R.Civ.P. 26(b)(4)(B), when it disclosed the identity of the witness and the subject matter of his testimony. For the reasons stated below, the court denies defendant's motion. Plaintiff need not produce the witness for deposition.

Fed.R.Civ.P. 26(b)(4)(B) allows a party to discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial *only* upon a showing of exceptional circumstances under which it would be impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

The witness sought to be deposed by defendant cannot be considered anything other than a non-testifying expert who has been retained in anticipation of litigation. From the very beginning, the witness was retained for purposes of litigation. Al-

though plaintiff may have originally designated the witness as a testifying expert, plaintiff has the prerogative of changing his mind. Since plaintiff changed his mind before any expert testimony was given in this case, the witness never actually acted as a testifying expert witness. The court cannot find, then, that the shift in designation affects the witness's current status as a non-testifying expert witness and denies him the protection afforded such a witness. *See Durflinger v. Artiles*, 727 F.2d 888, 891 (10th Cir.1984) (special showing needed to obtain testimony of witness once denoted a probable testifying witness, now a consulting witness); *Bailey v. Meister Brau, Inc.*, 57 F.R.D. 11, 13–14 (N.D.Ill. 1972) (expert originally designated as testifying witness on issue cannot be deposed on issue once plaintiff decides that expert will not testify on that issue).

■ Nor does the court find that the protection of Fed.R.Civ.P. 26(b)(4)(B) was waived because plaintiff identified the witness and indicated the subject matter of his testimony. In *In re Folding Carton Antitrust Litigation*, 83 F.R.D. 256, 260 (N.D. Ill.1979), the court found that a party may be required to disclose the identities of non-testifying expert witnesses even without a showing of exceptional circumstances. Here, nothing more than the identity and the subject matter of the witness's testimony was revealed. This is not a situation where facts or opinions were disclosed. Accordingly, there is no basis for finding that there has been a de facto waiver of the protection of the rule.

Since the witness is a non-testifying expert, facts or opinions held by him may only be discovered if defendant shows exceptional circumstances. Defendant has not made any such showing to support his request. Without the showing, the court has no basis for finding that the deposition is necessary. Therefore, defendant's discovery motion is denied.

IT IS SO ORDERED.