This Decision is a
Precedent of the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

Mailed: July 22, 2014

Opposition No. 91205110

Ate My Heart, Inc.

v.

GA GA Jeans Limited

**Cheryl S. Goodman, Interlocutory Attorney:**

Opposer noticed the discovery deposition of Applicant's expert Rhonda Harper (hereinafter "Ms. Harper") without a subpoena. Thereafter, Applicant filed a motion to quash and for protective relief to preclude the deposition, in large part on the basis that Ms. Harper is not a testifying rebuttal expert witness. These filings were preceded by various other filings and actions stemming from Opposer's disclosure, during discovery, of its own plans to present expert testimony.[1]

As background, on April 15, 2013, Opposer provided notification to the Board of its expert disclosures. At the time of this notification, discovery was set to close on May 15, 2013. On May 20, 2013, the Board suspended proceedings nunc pro tunc to the date of Opposer's notification of expert disclosures, for purposes of allowing expert discovery, which effectively resulted in a reopening of the discovery period

---

[1] The standard Board schedule for its trial cases calls for parties to disclose plans to use expert testimony 30 days prior to the close of discovery. *See* Fed. R. Civ. P. 26(a)(2); Miscellaneous Changes to Trademark Trial and Appeal Board Rules, 72 Fed. Reg. 42242, 42244-46 (August 1, 2007).

solely for purposes of each party taking discovery "limited to planned expert testimony, including that of any rebuttal expert."[2] That Board order also allowed Applicant an additional 30 days to disclose any plans to use an expert to rebut Opposer's expert. However, nothing more was filed with the Board until August 30, 2013, when Applicant sought a one week "extension" of the expired deadline. The passage of time between the Board's May 20, 2013 order and Applicant's August 30, 2013 filing is addressed, in part, in a September 10, 2013 motion by Applicant "for leave to file expert testimony."[3]

On September 30, 2013, Applicant, referencing Fed. R. Civ. P. 26(a)(2), and Trademark Rule 2.120(a)(2), filed "Applicant's Notice of Expert Witness Disclosure for Rebuttal" with the Board, identifying Rhonda Harper M.B.A, as a testifying rebuttal expert witness. On November 27, 2013, the Board ordered proceedings to remain suspended for completion of expert discovery,[4] and on December 2, 2013,

---

[2] When the Board suspended proceedings for expert discovery, it was based on the assumption that the parties were ready to proceed with expert discovery and that they had already served the written expert reports concurrently with their expert disclosures since normally, under Fed. R. Civ. P. 26(a)(2)(B), parties serve written disclosures accompanied by the expert report. However, in this case, the parties stipulated to a deadline of August 15, 2013 for affirmative expert reports and September 16, 2013 for rebuttal expert reports, as Applicant stated to Opposer that such deadlines would provide it with "sufficient time to provide reports from expert witnesses." While Opposer found "the suggested time frame excessive," it agreed to the dates "in the interest of acting in good faith and giving you full opportunity to provide your affirmative expert report…." Fed. R. Civ. P. 26(a)(2)(B) and 26(a)(2)(D) provide that parties may stipulate to deadlines for disclosure of experts and submission of written expert reports.

[3] In this motion, Applicant's references to Trademark Rule 401.03, which does not exist, are taken as references to Section 401.03 of the TBMP, the Board's manual of procedure.

[4] The Board's order of November 27, 2013, denied Applicant's August 30, 2013 motion to extend time to serve its expert disclosures and expert report on a date after the parties' stipulated deadline. As a result, Applicant's expert disclosure to Opposer on September 30, 2013 was untimely. However, in that November 27 order, the Board found the late expert disclosure harmless (and therefore not excluded) under Fed. R. Civ. P. 37(c)(1) because

Opposer noticed the deposition without subpoena of Ms. Harper for December 17, 2013. Thereafter, Applicant filed, on December 10, 2013, its motion to quash and for protective relief to preclude the deposition of Ms. Harper.[5]

Applicant's exhibit B, a letter to Opposer's counsel dated October 23, 2013, attached to its motion to quash states:

> Applicant specifically enlisted the services of Ms. Rhonda Harper for the limited purpose of preparing an expert rebuttal analysis of the survey conducted by Opposer. At no point in time did Applicant ever indicate that it would call Ms. Harper to testify, nor does Applicant have any present intention of so doing. The purpose of Ms. Harper's retention was to aid Applicant in its preparation for trial; a task which Ms. Harper long since completed.
>
> Indeed the Federal Rules of Civil Procedure do not, absent extraordinary circumstances, allow for the deposition of experts who are used in the preparation for litigation, but whom [sic] are not expected to be witnesses themselves. *See generally,* Fed. Rule Civ. Proc. 26(b)(4)(D)(ii). Accordingly, since Ms. Harper is not a testifying expert, Opposer has no legal basis for the issuance of its deposition notice.

On December 16, 2013, the Board issued an order requiring Applicant to indicate whether it had provided Ms. Harper's expert rebuttal report to Opposer and whether it was redesignating Ms. Harper as a non-testifying expert.

---

Opposer would have an opportunity to conduct discovery of the late disclosed expert and expert report. The November 27 order also found Applicant's September 30, 2013 disclosure of its rebuttal expert witness and rebuttal expert witness report timely based on the parties' stipulated extension.

[5] If a subpoena had accompanied the notice of deposition of Ms. Harper, then a motion to quash would be filed in the district court for which the subpoena issued, not with the Board. The Board has no jurisdiction over depositions of non-parties by subpoena and, thus, has no authority to quash such depositions. *HighBeam Marketing LLC v. Highbeam Research LLC*, 85 USPQ2d 1902, 1906 (TTAB 2008); *Luehrmann v. Kwik Kopy Corp.*, 2 USPQ2d 1303, 1304 n.3 (TTAB 1987).

On December 19, 2013, Applicant responded to the Board's order.[6]  Applicant stated that on September 30, 2013, it provided to Opposer a copy of Ms. Harper's rebuttal expert report and it "did not intend for Mr. [sic] Harper to appear at any subsequent hearings or to provide any direct testimony as her engagement was strictly limited to the preparation of the expert rebuttal report."

On December 23, 2013, Opposer filed a response in opposition to the motion for protective order and to quash.

*Motion to Quash is Moot*

The portion of Applicant's motion seeking to quash the notice of deposition on December 17, 2013 is moot because the time has passed for taking the noticed deposition on that date and the deposition did not occur.  Further, Opposer has chosen to subpoena Ms. Harper for a future discovery deposition.[7]  Whether Opposer is entitled to take the deposition of Ms. Harper at a later date will now be considered in connection with Applicant's motion for protective relief.

---

[6] This filing fails to follow the Board's form and format requirements as it is a letter, is single spaced, and lacks the proper heading for papers filed with the Board.  Trademark Rule 2.126; TBMP Sections 106.01 and 106.03 (2014).  Any further correspondence from Applicant should adhere to Board format requirements.

  In addition, the filing fails to indicate service on Opposer as required by Trademark Rule 2.119(a).  Applicant is reminded that all papers it files with the Board must be served on Opposer's counsel, and be accompanied by prima facie evidence of service in the form of a certificate of service.  Nonetheless, the Board finds no prejudice to Opposer can result from the Board's consideration of Applicant's response to the Board's order, in view of Opposer's December 23, 2013 response which indicates its awareness of Applicant's December 19, 2013 filing.

[7] Opposer advised that it has contacted Ms. Harper directly, notifying her that the deposition notice was stayed pending the Board's decision on the motion to quash.  As the record reflects, Ms. Harper indicated that should the Board deny the motion to quash, she would agree to voluntarily submit to deposition by subpoena, and  Opposer indicates that it will compensate Ms. Harper for her time.

*Motion for Protective Order*

### A. Good Faith Attempt to Confer

The Board finds that the parties made a good faith attempt to confer to resolve the dispute prior to Applicant's filing of the motion for protective relief. Fed. R. Civ. P. 26(c)(1); TBMP Section 412.06 (2014).

### B. Is Ms. Harper shielded from Expert Discovery?

We now turn to consideration of the merits of Applicant's motion for protective relief.

While Applicant argues that Opposer is not entitled to take the discovery deposition of Ms. Harper, Opposer submits that, in view of Applicant's identification of Ms. Harper under Fed. R. Civ. P. 26(a)(2) as a trial expert, it "is entitled to cross-examine Ms. Harper on both her rebuttal expert report and the raw data that appears to be an affirmative expert report...." Opposer further argues that "[i]f the Board determines that Ms. Harper should be re-designated as a non-testifying witness, then Applicant should be precluded from relying upon her declaration and any raw data" at trial.[8]

Applicant's motion presents the Board with the question of whether a witness, who was identified as a testifying expert and who produced an expert report, can be

---

[8] Expert witness reports either signed, or in the form of declarations (as testimony), are not admissible as evidence by the proponent at trial absent stipulation of the parties. Trademark Rule 2.123(b) and TBMP Section 703.01(b) (2014). The opinions set out in expert reports may ultimately be presented at trial in an admissible form by calling the experts to testify as to the opinions rendered in the reports. Trademark Rule 2.123(a); TBMP Section 703.01(a).

redesignated as a non-testifying or consulting expert and thereby be shielded from discovery.[9]

### 1. Is Ms. Harper a testifying or a non-testifying expert?

The distinction between testifying and non-testifying experts is significant. Fed. R. Civ. P. 26(b)(4)(A) provides: "A party may depose any person who has been identified as an expert whose opinions *may* be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided." (emphasis added). A testifying expert under Fed. R. Civ. P. 26(b)(4)(A) may be deposed regarding the information provided in the expert report, including the facts and data considered by the witness in forming the opinions offered and the assumptions relied upon in forming the opinions to be expressed. Fed. R. Civ. P. 26(b)(4) Advisory committee notes (2010 amendment); Fed. R. Civ. P. 26(b)(4) Advisory committee notes (1993 amendment). Rule 26(b)(4)(A) is designed to allow the opposing party an opportunity to adequately prepare for cross-examination at trial and applies to experts who will be called as witnesses at trial. Fed. R. Civ. P. 26(b)(4) Advisory committee notes (1970 amendment). *See also Mantolete v. Bolger*, 96 F.R.D. 179, 181 (1982) (Pretrial exchange of discovery regarding experts to be used as witnesses under Fed. R. Civ. P. 26(b)(4) aids in "narrowing the issues, preparation of cross examination and the elimination of surprise at trial").

---

[9] Courts generally find that prior to submission of an expert report or testimony of the expert by deposition, an expert designation may be withdrawn. *See e.g.*, *Ross v. Burlington Northern R. Co.*, 136 F.R.D. 638, 639 (N.D.Ill. 1991) (denying motion to take deposition of redesignated expert witness where no testimony had been taken or opinions disclosed).

By contrast, Fed. R. Civ. P. 26(b)(4)(D) provides that "[o]rdinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Under Fed. R. Civ. P. 26(b)(4)(D), there is no need for a comparable exchange of information regarding non-witness experts who act as consultants and advisors to counsel regarding the course the litigation should take. Rule 26(b)(4)(D) is designed to promote fairness by preventing access to another party's diligent trial preparation. Fed. R. Civ. P. 26(b)(4), Advisory committee notes (1970 amendment). The policy considerations underlying Fed. R. Civ. P. 26(b)(4)(D) include "(1) encouraging counsel to obtain necessary expert advice without fear that the adversary may obtain such information; (2) preventing unfairness that would result from allowing an opposing party to reap the benefits from another party's efforts and expense; (3) preventing a chilling effect on experts serving as consultants if their testimony could be compelled; and (4) preventing prejudice to the retaining party if the opposing party were allowed to call at trial an expert who provided an unfavorable opinion to the party who first retained them." *Plymovent Corp. v. Air Technology Solutions, Inc.*, 243 F.R.D. 139, 143 (D.N.J. 2007).

Although Applicant may have originally designated Ms. Harper as a testifying expert, Applicant has the prerogative of deciding not to use the expert for testimony. The Board finds that, based on Applicant's counsel's statements in its

October 23, 2013 letter to Opposer and its December 19, 2013 submission to the Board, Applicant has redesignated Ms. Harper as a non-testifying expert witness.

> 2. *In view of Applicant's disclosure of Ms. Harper's opinions to Opposer, is she subject to discovery, even though redesignated as a non-testifying or consulting expert?*

Courts have taken two different approaches with regard to whether discovery may be allowed for a testifying expert who has been redesignated by a party as a non-testifying or consulting expert after the expert's opinion has been disclosed.

One line of decisions holds that a testifying expert can be wholly converted to a consulting expert, and discovery from the expert can be prohibited by simply withdrawing the expert's designation. These courts have held that access to the expert then is governed by the "exceptional circumstances" test under Rule 26(b)(4)(D)(ii), even where an expert's reports and/or opinions, or portions thereof, were disclosed prior to his/her redesignation as a non-testifying expert.[10] *See e.g., FMC Corp. v. Vendo Co.*, 196 F.Supp.2d 1023 (E.D.Cal. 2002) (party may prohibit discovery from a consulting expert under Rule 26(b)(4) after the expert's designation as a testifying expert has been withdrawn, even where expert witness report produced). This approach is grounded in the policies underlying the distinction between testifying experts and consulting experts.

---

[10] Rule 26(b)(4)(D)(ii) permits discovery from specially retained, non-trial experts only upon a showing of "exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Such circumstances "may exist where 1) the object or condition at issue is destroyed or has deteriorated after the non-testifying expert observes it but before the moving party's expert has an opportunity to observe it; or 2) there are no other available experts in the same field or subject area." *Spearman Ind. v. St. Paul Fire & Marine Ins. Co.*, 128 F.Supp.2d 1148, 1151 (N.D.Ill. 2001).

The other line of cases holds that even if the expert designation is subsequently withdrawn, the submission of an expert report takes the expert out of the exceptional circumstances category of Rule 26(b)(4)(D)(ii) as the expert opinions are now known. *See e.g., SEC v. Koenig*, 557 F.3d 736, 744 (7th Cir. 2009) ("A witness identified as a testimonial expert is available to either side; such a person can't be transformed after the report has been disclosed ... to the status of a trial-preparation expert whose identity and views may be concealed."). These courts apply a balancing test that mirrors Fed. R. Evid. 403 in considering whether to allow a redesignated expert to be deposed.[11] *See R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F.Supp.2d 899, 904 (N.D.Ohio 2009) (discussing balancing test that mirrors Federal Rule of Evidence 403 in connection with the taking of depositions of a redesignated non-testifying expert).[12]

Of the two approaches, the Board finds that the better approach is to allow the deposition of a redesignated non-testifying expert only under exceptional circumstances. The purpose underlying Rule 26(b)(4)(A), which permits discovery

---

[11] Fed. R. Evid. 403 provides in part "[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice [...]."

[12] Although some courts have characterized the disclosure of the expert report or deposition opinion testimony as a type of work product for which confidentiality cannot be restored, when the rule was originally drafted the advisory committee explicitly rejected that approach, stating that the concept of privilege or work product does not apply to the discovery of a consulting expert's opinion. Fed. R. Civ. P. 26(b)(4) Advisory committee notes (1970 amendment) ("These new provisions of subdivision (b)(4) repudiate the few decisions that have held an expert's information privileged simply because of his status as an expert .... They also reject as ill-considered the decisions which have sought to bring expert information within the work-product doctrine."); *see also Republic of Ecuador v. For Issuance of a Subpoena Under 28 U.S.C. Sec. 1782(a)*, 735 F.3d 1179, 1184-87 (10th Cir. 2013) (discussing work product protection for expert witness materials under Fed. R. Civ. P. 26, including 2010 amendments to rule); *Hartford Fire Ins. v. Pure Air on the Lake, Ltd.*, 154 F.R.D. 202, 206 n.6 (N.D.Ind. 1993) (privilege or work product does not apply to discovery of consulting expert's opinion).

from a testifying expert witness to facilitate cross-examination of that expert and elimination of surprise at trial, is simply not implicated when a redesignated expert will not testify.

Accordingly, where a party identifies an expert as a possible testifying witness under Rule 26(b)(4)(A), but subsequently redesignates the expert as a non-testifying or consulting expert under Fed. R. Civ. P. 26(b)(4)(D), the opposing party may depose that expert only upon a showing of "exceptional circumstances" under Rule 26(b)(4)(D)(ii).

The relevant inquiry, then, since Ms. Harper is a non-testifying expert, is whether Opposer has established the exceptional circumstances required to justify her deposition. In its response, Opposer has not made any such showing to support the request for deposition testimony.

Without the showing, there is no basis for finding that the deposition of Ms. Harper is necessary and, therefore, there is no reason to disregard Rule 26(b)(4)(D). In view thereof, Applicant's motion for protective order is granted, and Opposer is not entitled to take the deposition of Ms. Harper.[13]

Proceedings are resumed.[14] Dates are reset as follows:

| | |
|---|---|
| Discovery Closes | CLOSED |
| Plaintiff's Pretrial Disclosures | 9/5/2014 |
| Plaintiff's 30-day Trial Period Ends | 10/20/2014 |
| Defendant's Pretrial Disclosures | 11/4/2014 |

[13] Of course, the Board has no authority as to whether the district court issues a subpoena, and as stated in n.5 *supra*, proceedings relating to the depositions of subpoenaed non-parties are within the control of the district court. Because Ms. Harper will not be testifying, her rebuttal expert report and any raw data related thereto will not be considered at trial. *See* n.8 *supra*.

[14] As the parties have not stated otherwise, the Board presumes that the parties have otherwise completed expert discovery.

| | |
|---|---|
| Defendant's 30-day Trial Period Ends | 12/19/2014 |
| Plaintiff's Rebuttal Disclosures Due | 1/3/2015 |
| Plaintiff's 15-day Rebuttal Period Ends | 2/2/2015 |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony.  Trademark Rule 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b).  An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.